No. 10,167.

ROMINGER ET AL. *v.* SIMMONS ET AL.

HIGHWAYS.—*Appeal.— Waiver.—Practice.*—On appeal to the circuit court from proceedings of county commissioners establishing a highway, all questions not raised below, except as to the sufficiency of the petition, are waived.

SAME.—*Public Utility.—Damages.*—In considering the question of the public utility of a highway, the damages which will result and all other elements of expense are to be considered in determining whether it will be worth its cost.

SAME.—*School Property.*—Real estate and buildings held by a school township for school purposes are subject to appropriation for highways, as other private property.

From the Shelby Circuit Court.

*O. J. Glessner, E. K. Adams, L. J. Hackney, B. F. Love* and *H. C. Morrison,* for appellants.

*T. B. Adams, L. T. Michener, G. W. Cooper* and— *Burns,* for appellees.

BLACK, C.—The appellees filed their petition before the board of commissioners of Bartholomew county, at the March term, 1880, for the location of a highway in Haw Creek township of said county. The board, having found that the necessary jurisdictional facts existed, appointed viewers, who, at the June term, 1880, reported that they had viewed the proposed road, that they had found that it would be of public utility, and that they had laid it out and marked it on the line indicated in the petition, etc. Thereupon the appellants and certain others named Peake filed their remonstrance, representing that they were owners of lands over which the proposed highway would pass, and alleging that it would not be of public utility, and that they would each sustain damage thereby, and praying for the appointment of reviewers, to examine and report whether the road would be of public utility, and to assess damages. Haw Creek School Township, of said county, separately filed a like remonstrance.

The board appointed reviewers, who, at the September term,

1880, made their report, showing their finding that the proposed road would .be of public utility, and their assessment of damages to each of the remonstrants. The board thereupon ordered that the road be established and opened, and that the damages assessed be paid to the remonstrants out of the county. treasury.

The appellants, being all said remonstrants except the Peakes and the Haw Creek School Township, appealed to the circuit court of said county, whence the venue was changed to the Shelby Circuit Court, where the cause was tried by a jury, who returned a verdict, signed by the foreman, as follows:

" We, the jury, find that the proposed highway is of public utility, and assess the damages of Charles W. Rominger at $90, John Rominger at $90, Samuel Burns at nothing, George Burns at nothing, Thomas Burns at nothing, Eliza McCaslin at nothing."

The persons named in the verdict were all the appellants. They filed, and the court overruled, a motion for a *venire de novo,* a motion for a new trial, and a motion in arrest of judgment; and judgment was rendered establishing the highway, awarding the damages assessed by the jury, and ordering that the highway be opened and worked.

Appellants have assigned as errors the overruling of said motions. The grounds of the motion for a *venire de novo,* briefly stated, were, that the verdict did not find as to all the material questions of fact in issue; that it did not find whether or not twelve of the petitioners were freeholders of Bartholomew county, six of whom resided in the immediate neighborhood of the proposed highway; that it did not find as to whether there was or was not notice of the application of the petitioners; and that it was limited by its terms to the question of the public utility of the proposed highway and the question of damages claimed by the remonstrants.

The jury found upon all the questions of fact in issue in the circuit court. All questions that a party had an opportunity to raise before the board of commissioners, and not first raised

there by some form of adverse proceeding, except the question of the sufficiency of the petition, and saving, also, the right of amendment, must in the circuit court be regarded as waived.

This subject has been fully discussed recently in *Green* v. *Elliott*, 86 Ind. 53, and *Breitweiser* v. *Fuhrman, ante*, p. 28; and in holding that there was no error in overruling the motion for a *venire de novo*, we think it sufficient to refer for our reasons to those cases.

We will notice the reasons for a new trial brought to our attention by the argument of counsel. It appeared from the petition and the report of the viewers and the evidence, that the highway would occupy a strip of land fifteen feet wide, one-half the width of the road, and seventy-three feet and three inches long, off the north side of land owned and occupied by Haw Creek School Township for school purposes, and that the school-house of school district number three, of said township, was situated thereon. The evidence showed that the school-house was a brick building and extended within the south line of the proposed highway to within six or eight inches of the center thereof.

The sixth instruction given to the jury was as follows: "You can not locate any part of the proposed highway upon any part of the premises owned, used and occupied by Haw Creek School Township for common school purposes (if you should find from the evidence that any such property is within the line of such proposed highway), because such property, being the property of the State for school purposes, can not be entered upon for the purpose of locating a highway thereon. But you may locate the proposed highway, if you find it to be of public utility, notwithstanding you find a part of the proposed line will be occupied by a school-house."

The tenth instruction given was as follows: "It is conceded in the evidence and by the agreement of counsel, that if the proposed highway is established a portion of the school building will be in the line of the highway. This fact alone should

not defeat the petition in this case, as such location can not authorize the destruction of the school-house or in any way affect the rights of the school district; and the effect of finding the road to be of public utility would be to locate the highway as proposed, with the school-house intact occupying a part of the highway."

It was not for the jury to fix the location of the proposed road, and it was not an issuable question to be determined by them whether the road, if established, would occupy any land owned and occupied by said school township. The province of the jury was to pass upon the question of the public utility of the road, the situation of which was shown by the report of the viewers, and, if they found that road to be of public utility, to pass on the question of damages. But, taking the instructions given as a whole, the jury could not have understood that they were to lay out or determine the line or situation of the road, but must have understood that they were to determine the questions of public utility and damages with reference to the situation already fixed for the road, and the verdict indicates that they did so understand.

The sixth instruction, except the last sentence thereof, was an exact copy of an entire instruction asked by the appellants. The propositions of the first part of the instruction, though erroneous, were favorable to the appellants, and, considered alone, the appellants, having asked them, could not complain because they were given.

Counsel for appellants earnestly insist that a public highway may not be located upon property owned and occupied by a school township for school purposes. What may be the true doctrine applicable where it is sought, under the exercise of the right of eminent domain, to take the property of the State, need not be ascertained in this case. The property here in question is not owned by the State. It is the property of a corporation, a school township, each civil township being a distinct municipal corporation for school purposes, which, by its corporate name, may contract and be contracted with, and

Rominger *et al. v.* Simmons *et al.*

sue and be sued, in any court having competent jurisdiction. Sec. 4438, R. S. 1881.

" The title to all lands acquired for school purposes shall be conveyed to the township, * * for which it is acquired, in the corporate name of such township." Sec. 4508, R. S. 1881.

The appropriation contemplated will not extinguish the franchises of the corporation, and the property to be taken is not absolutely necessary to the enjoyment of the franchises of the corporation. The right to locate a highway upon lands owned and occupied by individuals and corporations necessarily implies the right to locate it upon lands owned and occupied for school purposes by a school corporation. See Mills Em. Dom., sec. 40, *et seq.*, and authorities there cited.

The court was in error in saying that the school-house might rightfully occupy a portion of the highway. It would be an obstruction, and none the less so because the house was the property of a school township. The public would have the right to the use for travel of every part of the highway, as located and established.

It was not error to say that the fact that a portion of the school-house was within the line of the proposed highway should not alone defeat the petition; but the court told the jury that the effect of finding the road to be of public utility would be to locate the highway as proposed, with the school-house intact occupying a part of the highway.

In determining the question of public utility, the cost of the highway to the public is a proper element for the consideration of the jury. This does not merely include the damages that may be assessed to those whose property may be taken in the location, establishment and opening of the road. It includes also such expense, incidental to the opening of the road, as might be caused by the removal of a brick school-house occupying a portion of the highway. It is proper that the jury should consider every necessary expense, so that they may determine whether the road will cost more than it is worth. The effect of these instructions was, we think, to take

from the jury such consideration of this item of necessary expense in the opening of the highway by the proper authority. For this reason the instructions were erroneous, and we can not say that they did not influence the conclusion reached by the jury upon the question of the public utility of the proposed highway.   Under other causes stated in the motion for a new trial, and under the motion in arrest, counsel have presented no question not already discussed.   Upon what has been said, the objections of counsel to the petition are not well taken. The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and the cause is remanded for a new trial.