Mathews v. Droud et al.

No. 13,214.

## MATHEWS v. DROUD ET AL.

HIGHWAY.—*Petition.*—*Notice.*—*Practice.*—*Bill of Exceptions.*—The overruling by the circuit court, on appeal, of a motion to dismiss the petition for a highway, which motion is based on the ground that the petition is not according to law, and that no notice of its presentation to the board of commissioners was given, is not available in the Supreme Court if no objections to the petition are pointed out, or if the motion is not, so far as it relates to the notice, made a part of the record by a bill of exceptions, or if it appears that the question of notice was not raised at the first opportunity before the board.

SAME.—*Appeal to Circuit Court.*—*Questions for Trial.*—*Verdict.*—On appeal to the circuit court from the county commissioners, in highway cases, only such questions are for trial as were in issue before the commissioners, or as may, by leave of court, be put in issue by amended pleadings, and if the verdict covers these matters it is sufficient.

SAME.— *Public Utility.*— *Width.*— *Remonstrance.*—The fact that the jury, upon a trial in the circuit court, fix the width of the highway at ten feet less than the width ordered by the county commissioners, does not entitle a remonstrant to the costs in the circuit court, when his objection to the utility of the proposed road is a general one.

SAME.—*Presumptions in Favor of Judgment.*—In the absence of an affirmative showing of error, all reasonable presumptions will be indulged in favor of the rulings of the trial court.

SAME.—*Harmless Error.*—Where a right result is reached, a mistake in the mode of reaching it is not available error.

From the Kosciusko Circuit Court.

*A. G. Wood, A. Brubaker* and *J. H. Brubaker,* for appellant.

*E. Haymond* and *L. W. Royse,* for appellees.

ZOLLARS, J.—From an order of the county board locating and establishing a public highway, Mathews, the appellant here, appealed to the circuit court. The clerk of that court copied into the transcript what purports to be a written motion by appellant, filed in that court, to dismiss the petition. The grounds of the motion, as therein stated, are, that the

petition is not according to law, and that no notice of its presentation was given.

There is no available error in the overruling of the motion by the court below, for several reasons. In the first place, no deficiencies in the petition are pointed out in argument. In the second place, the motion, so far as it relates to the insufficiency or the lack of notice, could be made a part of the record only by incorporating it into a bill of exceptions, which has not been done. And, in the third place, appellant should have raised the question of notice at his first opportunity before the board of commissioners; that he did not do. He appeared before the board and filed motions and remonstrances, and, after appeal, consented to, or, at least, did not object to, a continuance, and made no question as to notice until the filing of his motion to dismiss at the second term after the case had reached the circuit court. *Washington Ice Co.* v. *Lay*, 103 Ind. 48, and cases there cited; *Orton* v. *Tilden*, 110 Ind. 131; *Board, etc.*, v. *Montgomery*, 109 Ind. 69.

In their argument upon the alleged error in overruling the motion below, counsel for appellant contend that a certain order made by the board was defective and void. In answer to that argument it is sufficient to say that no such question was specifically raised by their motion, and that the order was vacated by the appeal, and hence was no longer of any consequence.

In the circuit court the jury returned a verdict, in substance, so far as is material here, that the highway as described in the petition would be of public utility, and should be established to the width of thirty feet, and assessed damages in favor of appellant in the sum of forty-seven dollars. The court below overruled a motion for a new trial, and struck out a motion for a *venire de novo*.

The cause assigned for a new trial, upon which appellant relies here, is, that the verdict is contrary to law. Upon the record before us, this court can not say that the court below

erred in either of the above rulings. Nor will it be necessary for us to determine just what ought to be included in verdicts in highway cases under different issues, nor to add to, or comment upon, what has already been decided as to what defects in verdicts will require the sustaining of a motion for a *venire de novo*. It is well settled that, on appeal to this court, a judgment will not be reversed unless the record shows affirmatively that an error or errors intervened in the proceedings below, and that such error or errors were, or probably were, prejudicial to the party complaining here. *Cline* v. *Lindsey*, 110 Ind. 337, and cases there cited; *Hollingsworth* v. *State*, 111 Ind. 289; *Passmore* v. *Passmore*, 113 Ind. 237, and cases there cited. .

In the absence of an affirmative showing to the contrary, all reasonable presumptions will be indulged in favor of the rulings of the trial court. *Becknell* v. *Becknell*, 110 Ind. 42.

It is also well settled that, on appeal to the circuit court from the county board, in highway cases, only such questions are for trial as were in issue before the county board, or as may, by leave of court, be put in issue by amended pleadings. *Orton* v. *Tilden, supra; Washington Ice Co.* v. *Lay, supra; Green* v. *Elliott*, 86 Ind. 53; *Peed* v. *Brenneman*, 89 Ind. 252; *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *Rominger* v. *Simmons*, 88 Ind. 453; *Lowe* v. *Ryan*, 94 Ind. 450; *Clift* v. *Brown*, 95 Ind. 53; *Denny* v. *Bush*, 95 Ind. 315; *Stockwell* v. *Brant*, 97 Ind..474; *Forsythe* v. *Kreuter*, 100 Ind. 27; *Thayer* v. *Burger*, 100 Ind. 262; *McKee* v. *Gould*, 108 Ind. 107; *Powers* v. *Johnson*, 86 Ind. 298. See, also, *Bradley* v. *City of Frankfort*, 99 Ind. 417; *Updegraff* v. *Palmer*, 107 Ind. 181; *Carr* v. *Boone*, 108 Ind. 241; *Osborn* v. *Sutton*, 108 Ind. 443; *Robinson* v. *Rippey*, 111 Ind. 112; *Groscop* v. *Rainier*, 111 Ind. 361; *Ford* v. *Ford*, 110 Ind. 89.

In the case before us appellant filed a remonstrance before the board of commissioners, but there is no copy of it in the record. We are informed by the briefs of counsel that his remonstrance was upon the grounds that the proposed high-

way would not be of public utility, and that his land would be damaged by its opening and construction. Accepting as true what is thus stated by counsel, it must be held that the questions of utility and damages were the only questions for trial in the circuit court. The verdict of the jury, therefore, covers the only questions that were, or that could be, submitted to them under the issues, and hence it is neither defective nor contrary to law. This conclusion results from the holdings in the cases above cited. *Rominger* v. *Simmons, supra.* See, also, *Reynolds* v. *Shults,* 106 Ind. 291 ; *Thompson* v. *Deprez,* 96 Ind. 67.

The striking out of the motion for a *venire de novo* was not the proper method of disposing of that motion, but as a right result was reached, a mistake in the mode of reaching it is not an available error. *Neptune* v. *Taylor,* 108 Ind. 459 (462).

Upon proper reports of viewers and reviewers the board of commissioners established the highway forty feet wide, and awarded damages to appellant in the sum of thirty dollars. In the circuit court the jury, as we have seen, found that the highway would be of public utility, and that it should be established and opened to the width of thirty feet, and assessed appellant's damages at forty-seven dollars. Appellant moved the court to tax all of the costs in the circuit court against the petitioners. That motion was overruled. Appellant contends that it should have been sustained, for the reason that the jury fixed the width of the highway at ten feet less than that ordered by the county board, and for the reason that the jury increased his damages in the sum of seventeen dollars.

As we have stated, the remonstrance is not in the record. Upon the statements of counsel we have assumed that it presented the questions of public utility and of damages to appellant's land. But we can not go further, and assume that appellant remonstrated upon the ground that the highway would not be of public utility, by reason of being forty feet

wide, as proposed by the petitioners. We must assume, rather, there being no showing to the contrary, that the question of utility involved the highway upon the proposed line without regard to width. The verdict, therefore, that the highway would be of public utility, and that it should be established and opened to the width of thirty feet, was not a finding in favor of appellant upon the question and issue of the public utility of the proposed highway. It was a finding upon that issue in favor of the petitioners, and entitled them to a judgment for the costs occasioned by the trial of that issue.

This conclusion disposes of appellant's motion to tax against the petitioners the costs which accrued in the circuit court. The motion involved all of the costs in that court. To have sustained it as made would have been to adjudge against the petitioners the costs for which, as we have seen, they were entitled to judgment. As such a ruling would have been erroneous as to them, we need not inquire whether or not appellant may have been entitled to costs upon the issue as to damages. In any event, there was no available error in the overruling of the motion as a whole. See *Elliott* v. *Russell*, 92 Ind. 526 (533); *Long* v. *State*, 95 Ind. 481 (488); *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409, and cases there cited; *Heberd* v. *Wines*, 105 Ind. 237, and cases there cited.

Finding no error in the record that would justify a reversal of the judgment, it is affirmed, with costs.

Filed April 10, 1888.