SPODEN ET AL. *v.* KRAUSE ET AL.

[No. 17,505. Filed October 3, 1946.]

*George C. Uhler,* of Kokomo, for appellants.

*McClure & Shenk,* of Kokomo, for appellees.

ROYSE, J.—Appellees brought this action against appellant Parrie Spoden and her husband, Fred G. Spoden, for specific performance of a contract to sell real estate. After the trial court overruled the motion for a new trial Fred G. Spoden died and appellant Executrix was duly substituted here.

The facts as disclosed by the pleadings and special findings of fact are substantially as follows:

On or about the 3rd day of April, 1945, Fred G. Spoden caused to be inserted in the Kokomo Tribune an advertisement offering for sale certain described real estate owned and occupied by the Spodens as tenants by entirety. On the same day the appellees, in response to said advertisement, called at the Spoden home and inspected the property. After some discus-

sion appellees agreed to purchase this property for the sum of $4,000.00. On April 4, 1945, the contract which is the subject of this controversy was entered into by and between said parties. Omitting signatures we set this contract out in full.

"THIS CONTRACT, made and entered into this the 4th day of April, 1945, by and between Fred G. Spoden and Parrie Spoden, husband and wife, hereinafter known and referred to as the Parties of the First Part, and Karl Krause and Josephine Krause, husband and wife, hereinafter known and referred to as the Parties of the Second Part, Witnesseth:

"That for and in consideration of the payment to them of the total sum of $4,000.00 to be paid at the times and in the manner below herein set out, they agree to sell and convey unto the said parties of the Second Part, the following described real estate, to-wit:

"Thirty-eight (38) feet off of the entire East Side of Lot Number Ten (10) in W. T. Chambers First Addition to the City of Kokomo, Indiana.

"The said Parties of the Second part agree to pay for the above described real estate the said sum of $4,000.00 at the time and in the manner below herein set out, to-wit:

"$160.00 cash in hand paid to the said First Parties, the receipt of which is hereby acknowledged; $3,840.00 to be paid in cash as soon as the abstract has been continued down to date to the satisfaction of the said purchasers.

"Upon the full and final payment of the above sum of $4,000.00 as herein provided, then and at that time, the said Parties of the First Part do hereby agree to convey unto the said Parties of the Second Part, heirs or assigns, the said described real estate by a good and sufficient warranty deed together with an abstract of title showing the same to be free and clear of any and all liens of every kind and description, EXCEPT the fall installment of the taxes for the year 1944, due and payable in November, 1945, and thereafter.

"Said deed is this day executed and placed in ESCROW with the Citizens Abstract Company of Kokomo, Indiana, to be held by it pending the closing of said deal, which shall be on or before the 1st day of May, 1945. Said deed shall be delivered in the presence of both parties or their representatives.

"Possession shall be given on or before May 1st, 1945.

"Witness our hands this 4th day of April, 1945."

The deed was prepared and executed by the Spodens and delivered to the Abstract Company as Escrow Agent. Thereafter, on or about the 26th of April, 1945, the Spodens attempted to cancel and repudiate this contract and sent to appellees a bank draft for $160 as a refund of the payment they had made pursuant to this contract. On or about said last mentioned date appellees paid the Abstract Company for the benefit of said Spodens the sum of $3,840 and also the bank draft for the $160 which the Spodens had sent appellees in an effort to cancel the contract, thereby paying the full agreed purchase price for said real estate. Appellees were ready, able and willing to and did in fact fulfill all of their obligations under the contract. Prior to the commencement of this action appellees in writing demanded that the Spodens and the Abstract Company deliver the deed to said real estate to them which they refused to do. This action followed, and after stating its special findings of fact substantially as hereinabove set out, the trial court stated its conclusion of law as follows:

"The law is with the plaintiffs in this action and plaintiffs are entitled to the specific performance of the contract set out in Finding No. 6 above and the Citizens Abstract Company is ordered to deliver the deed, copy of which is set out in Finding No. 7 above, to the plaintiffs and defendants are ordered to accept from the escrow agent the $4,000.00 in

its hands for their use, as full consideration for the delivery of said deed."

Judgment accordingly.

Motion for new trial was timely filed. This motion questions the sufficiency of the evidence and legality of the decision. It was overruled by the trial court. The only error assigned here questions the action of the trial court in overruling the motion for a new trial.

Appellees' complaint asked for damages for breach of the contract and for specific performance of the contract. Appellants filed their motion to require appellees to elect which remedy they would seek. Whereupon appellees elected to seek specific enforcement of the contract.

Appellants contend the judgment should be reversed for the following reasons:

(a) Plaintiffs' remedy at law is adequate. The breach of the contract can be ably compensated for in damages.

(b) Enforcement by specific performance of the contract would result in undue and unnecessary hardship to defendants against whom such specific performance is sought.

(c) The benefits to plaintiffs from specific performance of the contract would not substantially correspond with the burdens and hardships imposed thereby on the defendants.

It is well established in this jurisdiction that courts of equity will decree the specific performance of a contract when it is for an adequate consideration and is in writing, certain and definite in all its provisions, fair and mutual in its terms, and is capable of being performed. *Ash* v. *Daggy* (1855), 6 Ind. 259; *Ryan* v. *Summers* (1924), 81 Ind. App. 225, 142 N. E. 876; *Cline* v. *Strong* (1913), 52 Ind.

App. 286, 100 N. E. 569; *Clark* v. *Richardson* (1943), 222 Ind. 4, 51 N. E. (2d) 484.

Appellants do not contend the contract herein is ambiguous or that it does not provide for an adequate consideration, or is unfair, etc. Neither the special findings of fact nor the evidence show that its enforcement would result in undue and unnecessary hardship to appellants.

Finally, as to the question of damages in circumstances as found here, we are in accord with the view expressed by this court in the case of *Walcis* v. *Kozacik* (1927), 86 Ind. App. 484, 156 N. E. 589, where it is stated:

"Even if such damages were ascertainable, still it is not the law that, because of such fact, resort must be had to the remedy at law rather than to equity for the enforcement of specific performance. As is stated in 36 Cyc. 552: 'It is as much a matter of course for courts of equity to decree a specific performance of a contract for the conveyance of real estate which is in its nature unobjectionable as it is for courts of law to give damages for its breach.'"

The judgment of the Howard Circuit Court is affirmed.

NOTE.—Reported in 68 N. E. (2d) 654.