Robert J. COX, Appellant–Respondent,

v.

Diane L. ANDERSON, Appellee–
Petitioner.

No. 48A02–0301–CV–61.

Court of Appeals of Indiana.

Jan. 21, 2004.

J. Michael Cavosie, Easter & Cavosie, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Robert J. Cox ("Father") appeals the trial court's ruling that held his bank account was properly seized to satisfy a child support arrearage.

We affirm in part and reverse in part and remand.

*ISSUE*

Whether the trial court committed reversible error in holding that the Father's bank account was "properly seized" to pay a child support arrearage.

*FACTS*

On May 22, 1985, N.A. was born to Diane L. Anderson ("Mother"). On June 13, 1986, the Circuit Court for Prince George's County, Maryland, ordered Father to pay child support for N.A. in the amount of $330.00 monthly after May 23, 1986.

On November 1, 1996, as a resident of Parkersburg, West Virginia, Mother filed an affidavit with the Wood County, West Virginia, Child Enforcement Support Division, citing the 1986 Maryland court order and averring Father's arrearage thereunder in the amount of $41,580.00. Mother also filed a verified statement to register the Maryland order in West Virginia. On January 22, 1997, the judge of the Wood County Circuit Court in West Virginia certified to the Indiana State Child Support Division that Mother had petitioned it for enforcement of the Maryland court order for support of N.A.[1] and that Father was believed to be residing in Anderson,

---

1. The evidence in support of that petition indicated that Father had never made a single payment of child support.

Indiana. A petition by the Deputy Prosecuting Attorney of the Indiana Child Support Division was then filed on September 24, 1997, in the Madison Superior Court in Anderson seeking its assistance in enforcing the order for support of N.A.

A review hearing was held on April 22, 1998. The Madison County Title IV–D Commissioner, acting pursuant to the Uniform Interstate Family Support Act ("UIFSA"), ordered Cox to pay $77.00 weekly[2] for current child support, but it noted that Father was contesting the $45,906 "as of 1–31–98" alleged arrearage "in the State of Maryland." (App. 36). As a result, the Commissioner issued an income withholding order to Father's employer, Delco–Remy, directing that $77 be withheld from his weekly earnings for his current child support obligation but left pending the issue of the arrearage.

The next review hearing before the Title IV–D Commissioner was held on December 2, 1999. At that time, the Commissioner's order noted that Father had successfully challenged the arrearage in Maryland, with the amount of the arrearage having been reduced to $30,000—of which $10,000 had been paid, "leaving a $20,000 arr[earage] balance." (App. 65). Father was ordered to pay $12 weekly[3] toward the $20,000 arrearage, in addition to the $77 weekly for current child support. Accordingly, an amended income withholding order was issued by the Title IV–D Commissioner requiring Delco–Remy to withhold $89 weekly, with $12 going toward a $20,000 arrearage.

On May 22, 2002, the West Virginia Child Support Enforcement Division sent to the Withholding and Interstate Program of the Indiana Child Support Division a request that a bank account at Key Bank belonging to Father be seized "for arrears owed." (App. 76). In response to the request, on July 31; 2002, the Madison County Prosecuting Attorney, on behalf of Madison County's Title IV–D agency, sent to Key Bank an order to withhold "100%" of that account, stating that the agency was "seizing his saving account for the past due child support that he owes." (App. 78, 79).

On August 29, 2002, Father filed an "Objection to Seizure," claiming that on August 23, 2002, "in excess of" $19,000 had been improperly seized from his Key Bank savings account and that it should be released. (App. 68). Father argued that he was "current" according to the terms of the Maryland court order that was incorporated into the Commissioner's order of December 2, 1999; that the monies in that account were "not income" but property; and that the seizure had been made without any notice to him. (App. 68, 69). On September 18, 2002, the Commissioner issued an order for the funds to be held in escrow if they had not been disbursed and scheduled a hearing for October 15, 2002.

At the hearing, Father informed the Commissioner that Mother had received the money but was holding it in a savings account pending a determination on whether the seizure was lawful. Father renewed his arguments about being current with the order of December 2, 1999 (that he pay $77 weekly in current child support and $12 weekly on the arrearage), that a savings account was not "income" subject to an income withholding order, and that his due process rights had been violated when he was not notified of the potential

2. $77 weekly is consistent with the $330 monthly obligation.

3. The Maryland court's order required Father to pay "$50 per month toward the arrears." (App. 90). $12 weekly is consistent with a $50 monthly obligation.

seizure. Father further argued that the May 2002 request from West Virginia as to the Key Bank account indicated an arrearage of $35,000, evidencing a flaw in that state's records.

The Commissioner directed Father to submit a brief with legal authority. Father's brief cited the statutory definition of income in the Indiana's UIFSA as "anything of value owed to an obligor," IND. CODE § 31–18–1–6, and the statutory requirements of a written notice and a hearing before an income withholding order may be activated. *See* I.C. § 31–16–15–7, 8. Thereafter, the Commissioner recommended and the trial court found that "a bank account was 'income owed to an obligor,' per I.C. 31–18–1–6," that the "subject bank account was properly seized," and that Father's objection to the seizure should be denied. (App. 93).

## DECISION

On appeal, Father argues that the trial court erred because it modified the Maryland support order without providing him the required notice and opportunity to be heard. We cannot agree.

■ First, Father proffers no authority for the proposition that in affirming the decision of the Commissioner, the trial court modified a support order. Indiana acted on a request from West Virginia, after having been previously notified by West Virginia that Mother had properly petitioned and registered in that state the order for Father to pay child support for N.A. Subsequently, having evidenced its authority to seek assistance on behalf of Mother, West Virginia asked that a certain bank account of Father located in Indiana be seized to pay his child support arrearage. It is undisputed that at that time Father had a significant arrearage in unpaid child support. Hence, we do not find the trial court's action to constitute reversible error on the basis that it was a modification of a child support order.

■ Moreover, Father did not make the "improper modification" argument to the trial court. "Time and again, this court has determined that a party waives an issue if it is raised for the first time on appeal." *DenniStarr Envtl., Inc. v. Dept. of Envtl. Mgmt.*, 741 N.E.2d 1284, 1289 (Ind.Ct.App.2001), *trans. denied; see also Carmichael v. Siegel*, 754 N.E.2d 619, 634 (Ind.Ct.App.2001) (party may not argue issue on appeal that was not properly presented to the trial court).

Upon Father's motion, the trial court had ordered the seized monies held in escrow "unless said funds have been distributed." (App. 71). At the hearing on the matter, Father stated that Mother had held the funds pending a determination on the seizure. At that point, Father had notice and was in fact heard by the trial court on the subject of the forfeiture. Father never denied that he owed a substantial arrearage. He produced no evidence that he had in fact paid the arrearage.

■ As a second issue, Father would argue that the trial court erred by not following the statutory procedure for issuing an income withholding order. Again, we must note that Father did not argue that issue to the trial court, and the matter is waived.

The trial court found that the Key Bank savings account was "income" under Indiana's UIFSA and thereby subject to seizure under an income withholding order. As the State observes, Father does not challenge this finding on appeal. Further, federal law establishes procedures for effective child support enforcement, whereby "accounts" held in the various states—including "savings account[s]"—are subject to seizure for payment of over-

due support owed by a noncustodial parent. *See* 42 USC § 666(a)(17).

 Finally, we must remind Father that the threshold showing in order to prevail on appeal is a showing of prejudice. As our supreme court stated more than a century ago, a judgment will not be reversed unless the record shows affirmatively both error *and* that the error was "prejudicial to the party complaining." *Mathews v. Droud*, 16 N.E. 599, 600, 114 Ind. 268 (1888). As we have already observed, there is no argument about Father having had a substantial arrearage in unpaid child support. Funds were available to pay that arrearage. We can contemplate no authority for the proposition that Father has a right to pay that arrearage to Mother over a period of 33 years ($20,000 at $50 monthly), with no interest accruing, after Mother had to go without any incoming child support for more than ten years. Therefore, we can find no prejudice to his having had the funds seized to pay that arrearage.

 However, inasmuch as the jurisdiction of the Madison County Superior Court was invoked in order to collect this arrearage, we believe it was incumbent upon that court to determine the actual arrearage due at the time of the seizure. Apparently, in November of 1999, the arrearage was set at $20,000. In December of 1999, Father was ordered to begin paying $12 weekly by income withholding toward that arrearage, and the parties appeared to agree that he had done so. The transmittal in May of 2002 from West Virginia apparently indicated an arrearage of $34,508.61, which is the amount cited by the Title IV–D Prosecutor's income withholding order to Key Bank. Father's objection in August of 2002 states that more than $19,000 was seized from his account. The State's response thereto indicated that on July 31, 2002, the date of the income withholding order, "the arrearage owed by [Father] was $18,371.16." (App. 73). Patently, there was some confusion here. Therefore, we remand to the trial court for further proceedings to determine the actual amount of child support arrearage owed at the time of the seizure accordingly.

We affirm in part and reverse in part and remand.

RILEY, J., and BAILEY, J., concur.