AREA PLAN COMMISSION of EVANS-
VILLE—VANDERBURGH COUNTY,
Appellant–Respondent,

v.

Robert F. HATFIELD, Bruce Hatfield,
Jill Hayden, Paul Hayden, Ray Zeller,
and Highland Pointe Development,
LLC, Appellees–Petitioners.

No. 82A01–0309–CV–319.

Court of Appeals of Indiana.

Jan. 14, 2005.

Joseph H. Harrison, Jr., Bowers Harrison, LLP, Evansville, IN, Attorney for Appellant.

Leslie C. Shively, Shively & Associates, Evansville, IN, Attorney for Appellees.

## OPINION

KIRSCH, Chief Judge.

The Area Plan Commission of Evansville—Vanderburgh County (the "APC") appeals a decision of the trial court entering judgment in favor of both Highland Pointe Development, LLC and Robert F. Hatfield, Bruce Hatfield, Jill Hayden, Paul Hayden, and Ray Zeller. The sole issue for our review is whether the trial court erred in permitting Robert F. Hatfield, Bruce Hatfield, Jill Hayden, Paul Hayden, and Ray Zeller to challenge the decision of the APC pursuant to IC 36–7–4–1003(a).

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 12, 2002, Highland Pointe Development, LLC ("the LLC") submitted a primary plat application to the APC for the construction of a residential subdivision. The LLC's members were Robert F. Hatfield, Bruce Hatfield, Jill Hayden, Paul Hayden, and Ray Zeller (the "Individual Members"). These Individual Members had entered into a purchase agreement on November 21, 2001 for the property to be developed. The APC denied the primary plat application on May 1, 2002. On May 31, 2002, the LLC and the Individual Members filed a verified petition for writ of certiorari with the trial court, requesting that the APC's decision be reversed, on the basis that it was arbitrary and capricious and contrary to law. As part of its response, the APC asserted that the LLC and the Individual Members lacked standing.

On May 28, 2003, the trial court found in favor of the LLC and the Individual Mem-

bers and ordered the APC to approve the plat application at its next meeting. The APC approved the plat, as ordered, on June 4, 2003. However, on June 26, 2003, the APC filed a motion to correct errors with the trial court, maintaining, in pertinent part, that the Individual Members lacked standing. The trial court denied the motion on August 1, 2003. On August 29, 2003, the APC filed a notice of appeal with the Indiana Court of Appeals. On October 27, 2003, the Indiana Court of Appeals issued an order dismissing the APC's appeal on the grounds that it was moot. The APC then filed a petition to transfer with the Indiana Supreme Court, which found that the APC's appeal was not moot and remanded it to this court for a decision on the merits.[1]

## DISCUSSION AND DECISION

The APC asserts that the trial court erred in ruling in favor of the Individual Members because they lacked standing to challenge the initial decision of the APC. Specifically, the APC argues that the Individual Members lacked a sufficient interest in the proposed plat to make them "aggrieved persons" for the purposes of challenging an APC decision. *See* IC 36–7–4–.1003(a). The APC does not challenge the standing of the LLC, however.

■ IC 36–7–4–1016 provides that decisions of an area plan commission are subject to the same process of certiorari review as are local zoning decisions. Per IC 36–7–4–1003(a), only a person aggrieved by a decision of the board may petition for certiorari review by the courts. In interpreting what it means to be "aggrieved" for purposes of the statute, our

supreme court has stated that the person must experience a " 'substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation.' " *Bagnall v. Town of Beverly Shores,* 726 N.E.2d 782, 786 (Ind.2000) (quoting *Union Township Residents Ass'n v. Whitley County Redev't Comm'n,* 536 N.E.2d 1044, 1045 (Ind.Ct.App.1989)).

■ When reviewing a decision of a trial court to dismiss for lack of standing, we review the matter de novo. *Reed v. Plan Comm'n & Town Council of Town of Munster,* 810 N.E.2d 1126, 1127 (Ind.Ct. App.2004), *reh'g. denied.* Here, although we are not addressing a decision of the trial court to dismiss for lack of standing, but instead a decision of the trial court to proceed with an order on the merits, the same standard of review applies. Because this issue is a pure question of law, namely whether the Individual Members are "aggrieved persons" for the purpose of challenging the APC's decision, this standard does not require deference to the determination of the trial court, and reversal is appropriate if an error of law is demonstrated. *Hendricks County Bd. of Zoning Appeals v. Barlow,* 656 N.E.2d 481, 483 (Ind.Ct.App.1995).

Although the May 28, 2003 trial court order makes no reference to the standing issue, we can deduce from the filings with the trial court that the issue was squarely before the court during the proceedings, as well as through the motion to correct errors.[2] In light of the fact that the trial court did not dismiss the case for lack of standing, but instead ruled on the merits, we will assume for purposes of this appeal that the trial court determined that the

1. The Individual Members filed a motion to strike, pursuant to Ind. Appellate Rule 42, requesting that the portion of the APC's brief that makes reference to a lawsuit pending in federal court be stricken on the grounds that

such reference was inappropriate and irrelevant. We now deny the motion.

2. *See Appellant's Appendix* at 70–88, 100–39.

Individual Members had standing sufficient to challenge the APC's decision.

We first address the APC's contention that the Individual Members should not have been granted standing solely as the members of the LLC, which had filed the primary plat application with the APC. However, it does not appear that the Individual Members are claiming standing through their memberships in the LLC, but instead, through their individual signatures on the November 21, 2001 purchase agreement. Therefore, our discussion will focus on whether that purchase agreement provided the Individual Members with a sufficient interest to challenge the APC's denial of the primary plat.[3]

The Individual Members assert that they were aggrieved by the APC's decision to deny the primary plat because they were prospective owners of the land at issue in the plat application. In order for a party to be entitled to seek judicial review, it must have a substantial interest in the subject matter of the litigation and been prejudiced or aggrieved by the action from which it seeks to appeal. *Williams–Woodland Park Neighborhood Assn. v. Bd. of Zoning Appeals of City of Fort Wayne*, 638 N.E.2d 1295, 1299 (Ind.Ct. App.1994).

The word "aggrieved" is and has been used in our statutes for many years to describe persons authorized by the statutes to seek judicial review of decisions by boards and agencies of government. *Metro. Dev. Commn. of Marion County v. Cullison*, 151 Ind.App. 48, 277 N.E.2d 905, 906 (1972). Thus, the determination of whether a party has been "aggrieved" is analogous to the determination of whether a party has standing. Our supreme court has stated that only those persons who have a personal stake in the outcome of the litigation and who know that they have suffered or were in immediate danger of suffering a direct injury as a result of the complained-of conduct will be found to have standing. *State ex. rel Cittadine v. Indiana Dept. of Transp.*, 790 N.E.2d 978, 979 (Ind.2003). The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the courts power and acts to restrain the judiciary to resolving real controversies in which the complaining party has a demonstrable injury. *Pence v. State*, 652 N.E.2d 486, 488 (Ind.1995).

Once a contract for the sale of land is executed, even before a closing, equitable title vests with the prospective vendee. *Ridenour v. France*, 442 N.E.2d 716, 717 (Ind.Ct.App.1982). As holder of equitable title, the prospective owner is considered to have property rights sufficient to grant standing in other areas of Indiana law. For instance, under IC 36–7–11.3–5, an equitable owner is considered to be an "interested party" for purposes of challenging a decision of a municipal plan commission. Likewise, we hold that an equitable owner of the property at issue has standing to petition for review of a decision by an area plan commission. The Individual Members, through their equitable interest in the property, have a per-

---

**3.** We noticed that attached to the affidavit of Bradley G. Mills, the Executive Director of the APC, which was attached to the APC's motion to correct error was a letter signed by Bruce Hatfield purportedly terminating the November 21, 2001 purchase agreement. This evidence seems to have been presented for the first time in support of the motion to correct error. There appeared to be no proof that, even with reasonable diligence, this newly discovered evidence could not have been discovered and produced at trial. Because the grounds for admission required by Ind. Trial Rule 59 were not met, we will not consider the letter for purposes of this appeal.

sonal stake in the outcome of the APC's decision on the plat application and would further suffer a direct injury as a result of the APC's action. Thus, granting status to the Individual Members as persons aggrieved also satisfies the purposes of the standing requirement. Therefore, we hold that the Individual Members, as signatories to a binding purchase agreement for the property to be developed, were aggrieved persons for the purpose of challenging the denial of a plat application by the APC.

Affirmed.

BAKER, J., and ROBB, J., concur.