

FILED

Feb 12 2016, 7:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Stephen L. Fink
Barnes and Thornburg, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES
CITY OF ANGOLA AND CITY OF
ANGOLA PLAN COMMISSION

Richard P. Samek, Esq.
Larry L. Barnard, Esq.
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE TRINE
UNIVERSITY, INC.

Robert D. Moreland
Angola, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David J. and Susan L. MacFadyen, | February 12, 2016 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 17A03-1506-CT-556 |
| v. | Appeal from the DeKalb Superior Court |
| City of Angola, City of Angola Plan Commission, and Trine University, Inc., | The Honorable Kevin P. Wallace, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 17D01-1203-CT-14 |

**May, Judge.**

[1] David and Susan MacFadyen appeal a decision by the Angola Plan Commission to vacate a portion of an alley on Trine University property near the MacFadyens' property. As the MacFadyens did not show they were aggrieved by the vacation, we affirm.

## Facts and Procedural History

[2] The MacFadyens own lot 6 in J. Darling's Addition to the City of Angola, and their property is contiguous to property Trine owns. An alley runs east to west from Darling Street, along the back of the MacFadyens' lot, and through Trine's property to University Avenue. The portion of the alley on Trine's real estate is not improved; it is grass-covered, and there is no curb cut where the alley meets University Avenue.

[3] Trine petitioned the Commission to vacate certain lot lines and the part of the alley that is on Trine's real estate. The vacation petition did not include that part of the alley located behind the MacFadyens' lot, and the MacFadyens can still access their property by using the remaining portion of the alley that runs east to Darling Street.

[4] The Commission heard evidence that the value of the land in the platted area that Trine did not own would not be diminished by the vacation, and Trine's development activities in the platted area had not caused a decrease in property values and might have increased them. David MacFadyen stated he believed vacation of the part of the alley on Trine's property would have "substantial negative impact" on the value of his property because "[o]ne could drive west

through the alley all the way to College (now University), or turn southbound to access Gale Street. [Trine] now seeks to cut off this access." (App. at 188.)

[5] The Commission approved Trine's petition.

## Discussion and Decision

[6] Decisions of an area plan commission are subject to the same process of review as are local zoning decisions. *Area Plan Comm'n, Evansville - Vanderburgh Cnty. v. Hatfield*, 820 N.E.2d 696, 698 (Ind. Ct. App. 2005), *trans. denied*. Decisions of a zoning board are subject to court review by *certiorari*. Ind. Code § 36-7-4-1003. Only a person aggrieved[1] by a decision of the board may petition for *certiorari*

---

[1] We note that effective July 11, 2011, about six months before the MacFadyens brought their petition for review, the legislature amended Ind. Code § 36-7-4-1003, which permits judicial review of plan commission decisions. The prior version of the statute said "Each person aggrieved by" such a decision could seek judicial review in the circuit or superior court where the affected premises was located. The amended version eliminated the "aggrieved" language and now says "Each decision . . . is subject to judicial review . . . in the same manner as that provided for the appeal of a final decision of the board of zoning appeals."

Ind. Code Ann. § 36-7-4-1603 provides standing to obtain judicial review of a zoning decision is afforded to (1) a person to whom the zoning decision is specifically directed or (2) a person aggrieved or adversely affected by the zoning decision.

The MacFadyens do not argue there is no longer a requirement that a party be "aggrieved" or "prejudiced," and we decline to hold the legislature's modification of the statutory language reflects an intent to allow challenges by persons who are not aggrieved or prejudiced by a plan commission action. The threshold showing in order to prevail on appeal is a showing of prejudice. *Cox v. Anderson*, 801 N.E.2d 775, 779 (Ind. Ct. App. 2004). There we noted "our supreme court stated more than a century ago [that] a judgment will not be reversed unless the record shows affirmatively both error and that the error was 'prejudicial to the party complaining.'" *Id.* (quoting *Mathews v. Droud*, 114 Ind. 268, 16 N.E. 599, 600 (1888). *And see Dan Cristiani Excavating Co. v. Money*, 941 N.E.2d 1072, 1078 (Ind. Ct. App. 2011) (noting any appeal of a trial court decision seeking reversal must show prejudice to the appellant).

More specifically, we have continued to recognize that a party challenging a plan commission decision must be "aggrieved" by it. *See, e.g., Dunmoyer v. Wells Cty., Indiana Area Plan Comm'n*, 32 N.E.3d 785, 786 (Ind. Ct. App. 2015) (addressing "whether the trial court erred in granting partial summary judgment in favor of the Plan Commission and Apex upon a finding that Landowners were not aggrieved and not prejudiced by the Zoning Decision"), *trans. dismissed*.

review by the courts. *Hatfield*, 820 N.E.2d at 698. In interpreting what it means to be "aggrieved" for purposes of the statute, our Supreme Court has said the person must experience a "substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation." *Bagnall v. Town of Beverly Shores*, 726 N.E.2d 782, 785 (Ind. 2000).

[7] When reviewing a decision of a board of zoning appeals, the trial court must determine if the board's decision was incorrect as a matter of law. *Cook v. Adams Cnty. Plan Comm'n*, 871 N.E.2d 1003, 1006 (Ind. Ct. App. 2007), *trans. denied*. The trial court may not conduct a trial *de novo* or substitute its decision for that of the board. *Id.* When reviewing a decision of a zoning board, we are bound by the same standard of review. *S & S Enters., Inc. v. Marion Cnty. Bd. of Zoning Appeals*, 788 N.E.2d 485, 489 (Ind. Ct. App. 2003), *trans. denied*. On appeal, however, to the extent the trial court's factual findings were based on a paper record, we review the record *de novo*. *Equicor Dev., Inc. v. The Westfield - Washington Twp. Plan Comm'n*, 758 N.E.2d 34, 37 (Ind. 2001). It does not appear the trial court received additional evidence in this case.

[8] When an aggrieved party seeks relief in court from an adverse administrative determination and attacks the evidentiary support for the agency's findings, he bears the burden of demonstrating that the agency's conclusions are clearly erroneous. *Cundiff v. Schmitt Dev. Co.*, 649 N.E.2d 1063, 1066 (Ind. Ct. App.

1995). That standard requires great deference toward the administrative board when the petition challenges findings of fact or the application of the law to the facts. *Id*. But if the allegation is that the Commission committed an error of law, no such deference is afforded and reversal is appropriate if an error of law is demonstrated. *Id*.

[9]     There is a presumption that determinations of a zoning board, as an administrative agency with expertise in the area of zoning problems, are correct and should not be overturned unless they are arbitrary, capricious, or an abuse of discretion. *Id*. A decision is arbitrary, capricious, or an abuse of discretion if it is not supported by substantial evidence. *Rice v. Allen Cnty. Plan Comm'n*, 852 N.E.2d 591, 597 (Ind. Ct. App. 2006), *trans. denied*. We may not reweigh the evidence or reassess the credibility of the witnesses. *Burcham v. Metro. Bd. of Zoning Appeals Div. I of Marion Cnty*., 883 N.E.2d 204, 213 (Ind. Ct. App. 2008).

[10]    We may not reverse because the MacFadyens were not "aggrieved" by the vacation of a part of the alley.[2] The trial court determined "the MacFadyens have not been deprived of access to Lot 6. In short, MacFadyens have now, just as they have had in the past, a means of ingress and egress to the rear of

---

[2] The MacFadyens argue in their opening brief they have a property interest in the alley, but they do not explicitly argue they were "prejudiced" or aggrieved" by the vacation as required by *Hatfield* and *Bagnall*. They do assert in their reply brief that they were prejudiced, but that discussion is devoid of any legal authority in support of that allegation. We therefore decline to find error on that ground. *See, e.g., Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (appellate argument must contain the contentions of the appellant on the issues presented supported by citations to legal authority). "A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review." *Id*.

their residence on Lot 6." (App. at 15.)  *See State v. Kimco of Evansville, Inc.*, 902 N.E.2d 206, 214 (Ind. 2009) (mere reduction in or redirection of traffic flow to a commercial property is not a compensable taking of a property right), *reh'g denied, cert. denied*.

[11]  In *Bagnall*, our Indiana Supreme Court determined the Bagnalls lacked standing to challenge zoning variances because they were not "aggrieved."  The Bagnalls challenged a petition brought by owners of property about 150 feet from the Bagnalls' residence seeking a variance to permit an addition to the home located on the lot and a variance from an ordinance regarding well location and setback requirements.  The *Bagnall* Court noted that to be aggrieved, a petitioner must experience a substantial grievance, a denial of some personal or property right, or the imposition of a burden or obligation.  726 N.E.2d at 786.  A petitioner's injury must be pecuniary in nature.  *Id*.  The Bagnalls "presented nothing in their petition nor did they enter any evidence in the record to suggest [the variances] would result in infringement of a legal right resulting in pecuniary injury."  *Id*.

[12]  The Commission received evidence the MacFadyens still had access to the rear of their property over the remaining portion of the alley and the value of their property was not diminished.  We acknowledge the MacFadyens' allegations to the contrary, but we may not reweigh that evidence.  See *Burcham*, 883 N.E.2d at 213.  We therefore cannot find they were aggrieved.

# Conclusion

As the MacFadyens were not prejudiced or aggrieved by a Commission decision that did not diminish the value of their property or deprive them of access to their real property via the alley in question, we affirm the vacation of that part of the alley on Trine's property.

Affirmed.

Najam, J., and Riley, J., concur.