**UNION TOWNSHIP RESIDENTS ASSOCIATION, INC., Appellant (Plaintiff Below),**

v.

**The WHITLEY COUNTY REDEVELOP-MENT COMMISSION, Appellee (Defendant Below).**

**No. 57A03–8807–CV–233.**

Court of Appeals of Indiana, Third District.

April 17, 1989.

Ralph R. Blume, Blume, Wyneken, Con-nelly, Jordan & Stucky, Fort Wayne, for appellant.

Benton R. Gates, Jr., Gates & Gates, Columbia City, Richard L. Hill, Parker & Jaicomo, South Bend, for appellee.

HOFFMAN, Judge.

Appellant Union Township Residents As-sociation, Inc., appeals the trial court's granting of a motion to dismiss. The facts indicate that the Whitley County Redevel-opment Commission adopted a resolution designating 3,000 acres of rural Union Township as a blighted area. The Commis-sion approved a redevelopment plan propos-ing the resurfacing of all roads in the dis-trict, the installation of water lines and a water tower. The Residents Association filed a remonstrance and appealed the Commission's resolution and redevelopment plan.

The Commission filed a motion to dismiss the Association's cause of action which stated:

"Comes now the Defendant and respect-fully moves to dismiss the above cause of action under Trial Rule 12 for the reason that the Plaintiff is neither a land owner nor taxpayer in Union Township, Whitley County, Indiana and is not within the meaning of IC 36–7–14–18, a 'person' who is aggrieved by the final action tak-en by the Defendants."

Following a hearing, the trial court granted the Commission's motion to dis-miss. The Residents Association argues that the trial court erred in granting the motion to dismiss.

In *Wildwood Park Community Ass'n v. Fort Wayne* (1979), 182 Ind.App. 578, 396 N.E.2d 678, a plan commission waived its

---

right to challenge a community association's standing as an aggrieved person by failing to specifically contend that the community association was not aggrieved. In the present case, the Redevelopment Commission properly raised the issue of standing with the motion to dismiss. The Redevelopment Commission alleged that the Residents Association did not come within the meaning of an aggrieved person. The Redevelopment Commission did not waive its right to challenge the community association's standing as an aggrieved person.

IND.CODE § 36–7–14–18 (1988 Ed.) allows an aggrieved person standing to appeal a final action of a redevelopment commission. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. To be "aggrieved" is to have a legal right, the infringement of which by the decree complained of will cause pecuniary injury. The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. In order for a party to be entitled to appeal from a final action, it must appear that it has a substantial interest in the subject matter of the litigation and that it is prejudiced or aggrieved from the action from which it seeks to appeal. *Wiedenhoft v. City of Michigan City* (1968), 250 Ind. 327, 330, 236 N.E.2d 40, 41–42.

The Residents Association failed to demonstrate that it owned property or had a legal interest affected by the Redevelopment Commission's final action. The Residents Association suffered no recognizable legal injury and had no standing as an aggrieved person. The trial court correctly granted the motion to dismiss.

Affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.