WILLIAMS–WOODLAND PARK NEIGHBORHOOD ASSOCIATION, Peter J. Bolakowski, Martin P. Figel, Nancy A. Johnson and Judy A. Kovara, Appellants–Petitioners Below,

v.

BOARD OF ZONING APPEALS OF the CITY OF FORT WAYNE, Boys and Girls Club, Inc., and Ortho Manor Corporation, Appellees–Respondents Below.

No. 02A03–9402–CV–00077.

Court of Appeals of Indiana, Third District.

Aug. 22, 1994.

Ralph R. Blume, Blume, Connelly, Jordan Stucky & Ulmer, Fort Wayne, for appellant.

Mark A. Garvin, D. Randall Brown, Barnes & Thornburg, Thomas C. Allen, Ft. Wayne, for appellee.

STATON, Judge.

Williams–Woodland Park Neighborhood Association, Peter J. Bolakowski, Martin P. Figel, Nancy A. Johnson and Judy A. Kovara (hereinafter collectively referred to as "the Association") appeal the dismissal of their petition for writ of certiorari. The Association raises three issues for our review which we restate as follows:

    I. Whether the Association failed to serve notice of its petition on all adverse parties.

    II. Whether the Association's petition was adequately verified.

    III. Whether the Association has standing to seek review of the Board's decision.

We reverse and remand.

The Boys and Girls Club, Inc. ("the Club") applied to the Fort Wayne Board of Zoning Appeals ("Board") for a contingent use permit for a club facility to be located on real estate owned by Ortho Manor Corporation. The Club's application was granted following a public hearing.

The Association filed a petition for writ of certiorari seeking judicial review of the Board's decision. The Club filed a motion to dismiss the petition for writ of certiorari, alleging three alternative grounds: (1) the Association failed to serve notice on two adverse parties, (2) the Association's petition was not properly verified, and (3) the Association had no standing to seek review of the Board's decision because it did not qualify as an aggrieved person. The trial court granted the Club's motion to dismiss without indicating the basis for its ruling.

I.

*Notice*

■ Review of decisions of boards of zoning appeal is achieved by an aggrieved party's petition for writ of certiorari to the circuit or superior court in the county in which the affected property is located. IND.

CODE 36–7–4–1003(a). The trial court does not gain jurisdiction over an individual petition, however, until the petitioner serves notice thereof as required by Indiana Code 36–7–4–1005(a), which states in pertinent part:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals. An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner....

The Club contends the Association committed a fatal jurisdictional error when it failed to serve notice of its petition on Kenneth Vaughn and Darrel Schierling, two individual property owners who spoke in favor of the Club's application during the Board's hearings. According to the Club, Vaughn and Schierling are "adverse parties" as the term is defined in IC 36–7–4–1005(a) because they appeared at the hearing in opposition to the position of the Association, the petitioner for the writ of certiorari.

In *Rhoads v. Carmel Bd. of Zoning Appeals* (1990), Ind.App., 562 N.E.2d 752, our Second District carefully analyzed the language of IC 36–7–4–1005(a) at issue here as follows:

> The term "petitioner" as used in the first sentence of the statute unequivocally refers to the petitioner for the writ of certiorari inasmuch as only the petitioner for the writ, the party initiating the review proceedings, has any obligation to have notice served upon other parties, referred to in the sentence as "adverse". However, the term "petitioner" as used elsewhere in subsection (a) refers only to the applicant for a variance before the Board.... For example, in the second sentence ... the term "petitioner" must describe the variance applicant because only an applicant would have property owners appearing in opposition to the variance at the Board hearing....

Thus, the General Assembly inadvertently enacted this statute as if only unsuccessful variance applicants would seek review. Hence the statute only addresses who shall receive notice if the petitioner for a writ is an unsuccessful variance applicant; it is silent [on] who shall receive notice if the petitioner for the writ is an unsuccessful objector-remonstrator because of the manner in which "adverse party" is defined. However, due process mandated by both the United States and Indiana Constitutions require notice to any entity whose interest is adverse to the petitioner for the writ of certiorari. Thus, if the writ petitioner is an objector-remonstrator, due process would require notice to the variance applicant and any landowner of the affected real estate. We do not perceive any other entity who is entitled to due process notice.

For the reasons stated in *Rhoads, supra,* we conclude the Association satisfied both due process and IC 36–7–4–1005(a) when it served notice of its petition on the Club and Ortho Manor Corporation, the landowner of the affected real estate. The failure to serve notice to Vaughn and Schierling does not support dismissal of the petition for writ of certiorari.

## II.

### *Verification*

Next, the Club contends the dismissal was proper because the Association's petition did not conform to IC 36–7–4–1003(a), which provides in pertinent part that:

> Each decision of the ... board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals or the legislative body may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

"In a proceeding for judicial review of an administrative determination, compliance

with the statutory requirements for review, such as verification, is a condition precedent to jurisdiction." *Keil Chemical Co. v. Common Council of the City of Hammond* (1993), Ind.App., 612 N.E.2d 209, 212, *trans. denied.*

Here, the petition for writ of certiorari was not verified by the Association or any member thereof; rather, only the Association's attorney signed a verification. The Club contends this is insufficient because IC 36–7–4–1003(a) clearly requires that the petition be verified by each person aggrieved. We do not agree. A close reading of the statute shows that it requires that each person aggrieved present a verified petition; it does not address by whom the verification must be signed.

The parties do not cite, nor have we been able to find, an Indiana case deciding whether the aggrieved party must verify a petition for writ of certiorari in order to comply with IC 36–7–4–1003(a). However, courts interpreting similar statutes have held that verification of a petition for review by a party's attorney is adequate. For example, in *Giles v. County Dept. of Public Welfare of Marion County* (1991), Ind.App., 579 N.E.2d 653, 654, *trans. denied,* this court held that a petition for judicial review brought under the Indiana Administrative Adjudication Act could be verified by the petitioner's attorney. The relevant portion of the Act provided that:

(a) A petition for review must be filed with the clerk of the court.

(b) A petition for review must be verified....

IND. CODE 4–21.5–5–7. In reaching its conclusion, the court in *Giles* noted that, since a petitioner has the authority to appoint an attorney to sue in its name, incidental acts necessary to do so, such as verification of facts within the attorney's personal knowledge, were also properly done by the attorney.[1] *See also Indiana Dept. of Public*

*Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373.

Like the Administrative Adjudication Act, IC 36–7–4–1003 does not preclude verification by attorneys. Following the reasoning of *Giles, supra,* we conclude the petition for writ of certiorari was properly certified.

### III.

### *Standing*

Finally, the Club asserts the Association has no standing to seek judicial review of the Board's decision because it does not purport to own any property in the vicinity. Thus, the Club argues, the Association does not qualify as an aggrieved person under IC 36–7–4–1003(a).

The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation. To be "aggrieved" is to have a legal right, the infringement of which by the decree complained of will cause pecuniary injury. The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. In order for a party to be entitled to appeal from a final action, it must appear that it has a substantial interest in the subject matter of the litigation and that it is prejudiced or aggrieved from the action from which it seeks to appeal.

*Union Township Residents Assoc., Inc. v. Whitley County Redevelopment Commission* (1989), Ind.App., 536 N.E.2d 1044, 1045.

In *Union Township, supra,* this court affirmed the dismissal of an appeal of a redevelopment commission's resolution, which was filed by a township residents association because "the Residents Association failed to demonstrate that it owned property or had a legal interest affected by the Redevelopment Commission's final action." *Id.* Thus, the association had no standing as an aggrieved person.

---

1. As noted by the court in *Giles, supra,* Ind. Trial Rule 11 provides that the signer who verifies a pleading must have personal knowledge thereof or reasonable cause to believe the existence of the facts stated therein.

We are persuaded by the *Union Township* court's analysis and perceive no reason it should not be applied in the case at bar. Here, the Williams–Woodland Park Neighborhood Association has not shown that it owns property or has a legal interest affected by the Board's decision. It has no standing as an aggrieved person.

 Our inquiry does not end here, however. Peter Bolakowski, Martin Figel, Nancy Johnson, and Judy Kovara, individual owners of real estate adjoining or surrounding the property involved in this appeal, are also named as petitioners on the petition for writ of certiorari. Because these individual landowners have demonstrated that they are aggrieved persons, they have standing to bring this petition. *See Stout v. Mercer* (1974), 160 Ind.App. 454, 312 N.E.2d 515, 520 (and cases cited therein) (Adjoining or surrounding landowners may be persons aggrieved within the meaning of IC 36–7–4–1003(a)).

This cause is reversed and remanded with instructions for the trial court to reinstate the individual landowners' petition.

GARRARD and ROBERTSON, JJ., concur.