George C. BAGNALL and Ann
H. Bagnall, Appellants
(Plaintiffs below),

v.

TOWN OF BEVERLY SHORES,
Indiana; The Board of Zoning Appeals of the Town of Beverly Shores,
Indiana; and Mary Fulgum, Phillip
Dickerman, Michael Pavel, Patrick
Wagner, and George Stefanek, In
Their Capacity as Members of the
Board of Zoning Appeals of the Town
of Beverly Shores, Indiana, Appellees
(Defendants below),

and

Michael Pavel and Deborah Pavel,
Appellees (Intervenors below).

No. 64S05–9909–CV–499.

Supreme Court of Indiana.

March 30, 2000.

George C. Bagnall, Appellant, Beverly Shores, Indiana, Pro Se.

Jo Angela Woods, Indiana Municipal Lawyers Association, Inc., Indianapolis, Indiana, Attorney for Amicus Curiae.

Jeffrey F. Gunning, Pinkerton & Friedman, P.C., Munster, Indiana, Attorney for Appellee.

Terry Hiestand, Chesterton, Indiana, Attorney for Appellees/Intervenors.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

The Bagnalls filed three petitions seeking court review of zoning variance grants to neighboring property owners by the local zoning board. Finding that the Bagnalls did not properly notify all adverse parties in accordance with the state zoning law, we affirm the trial court's grant of summary judgment to the Board with respect to two of the petitions. We affirm the trial court's dismissal of the third petition because the Bagnalls lack standing as aggrieved parties, but reverse the trial court's assessment of attorneys' fees against the Bagnalls.

### Background

Michael and Deborah Pavel apparently owned or had a financial interest in Lots Six (6) and Eleven (11) located on Lakefront Drive in the Town of Beverly Shores.[1] George and Ann Bagnall own Lot Seven (7), which is three lots or approximately 150 feet from the Pavels' Lot 11. Sometime prior to May 2, 1996, Michael Pavel submitted two petitions to the Board of Zoning Appeals of the Town of Beverly Shores ("Board") concerning Lot 6—one seeking a variance from an ordinance so that the Pavels could construct an addition to the home located on the lot and the other seeking a variance from an ordinance regarding well location and setback requirements. Sometime prior to June 6,

---

1. As the Court of Appeals noted, the record is confusing as to the ownership of Lot 11.

1996, Michael Pavel and Diane Hale jointly submitted a third petition to the Board requesting a variance from a setback ordinance governing Lot 11.

The Board conducted a series of public hearings at which people spoke both in favor of and in opposition to the variance petitions. On May 2, 1996, the Board unanimously granted Michael Pavel's petition to construct an addition to the Pavel home located on Lot 6[2] ("variance number one"); on June 6, 1996, the Board unanimously granted his petition for a setback requirement variance on Lot 11[3] ("variance number two"); and on August 1, 1996, the Board unanimously granted Pavel's petition regarding a well location on Lot 6[4] ("variance number three").

Upon the granting of each variance, the Bagnalls filed with the trial court a timely petition for writ of certiorari. In each petition, the Bagnalls named as party defendants the Town of Beverly Shores, the Board, and the Board members in their official capacities. Michael Pavel was named as a party defendant in his capacity as a member of the Board, but the petitions did not name Deborah Pavel or Michael Pavel as party defendants in their capacity as landowners of the properties subject to the petitions. The Bagnalls sent notices of their petitions to each party named as a defendant in the petition.

The Board filed a motion to dismiss each petition. The motions to dismiss regarding variance numbers one and three contended that the Bagnalls failed to satisfy the jurisdictional requirement of providing statutory notice to adverse parties. The motion to dismiss regarding variance number two (a) contended that the Bagnalls lacked standing because they were not aggrieved parties and (b) requested attorneys' fees. The Pavels also filed a motion to dismiss each of the Bagnalls' petitions on the ground that the petitions did not designate the Pavels as party defendants.[5] In apparent response to the Board's statutory notice assertions in its motions to dismiss, the Bagnalls later served notices on Thomas Oberle, Arlene Beglin, and William Kollada, all people who spoke or submitted letters supporting the Pavel variance requests at the public hearings. The Bagnalls did not serve notice on Deborah Pavel.

The trial court conducted a hearing and entered judgment granting all three motions to dismiss and awarding attorneys' fees to the Town of Beverly Shores with respect to the variance number two petition. The Bagnalls appealed. A divided panel of the Court of Appeals reversed the trial court's judgments regarding notice and the Bagnalls' aggrieved party status and remanded the case for further proceedings to determine whether Deborah Pavel was an adverse party to each appeal such that the Bagnalls had to file a notice to her with the clerk.[6] *See Bagnall v. Town of Beverly Shores,* 705 N.E.2d 213, 219 (Ind.Ct.App.1999).

*Discussion*

I

The Bagnalls first contend that the trial court erred in dismissing their variance number one and variance number three petitions. The Bagnalls assert that their failure to file notice to Oberle, Beglin, and Kollada with the clerk of the court, concurrent with filing the writ petition, does not constitute a violation of the portion of Ind.

---

**2.** Cause No. 64D05–9606–CP–1465.

**3.** Cause No. 64D05–9607–CP–1733.

**4.** Cause No. 64D05–9608–CP–2219.

**5.** The trial court found that the Bagnalls did not properly name the Pavels as party defendants to their variance one and variance three writ petitions. Because we affirm the trial court's dismissal of all three petitions on sep-

arate and sufficient bases, we decline to decide whether the Bagnalls' failure to name the variance applicants as defendants was fatal to their petitions.

**6.** Ind.Code § 36–7–4–1005(a) requires the petitioner for the writ of certiorari to file the notices to adverse parties with the court clerk for service by the sheriff.

Code § 36–7–4–1005(a) (Supp.1995) that requires service of notice on each adverse party. We agree with the dissent to the Court of Appeals's opinion and conclude that the trial court properly dismissed the Bagnalls' variance number one and variance number three writ petitions on the issue of notice. *See Bagnall,* 705 N.E.2d at 219 (Rucker, J., dissenting).

 Decisions by boards of zoning appeals are subject to court review by certiorari. Ind.Code § 36–7–4–1003(a) (Supp. 1995). A person aggrieved by a decision of a board of zoning appeals may present to the circuit or superior court in the county in which the premises are located a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. *Id.* § 36–7–4–1003(b). The petition must be presented to the court within 30 days of the board's decision. *Id.* The court does not gain jurisdiction over the petition until the petitioner serves notice upon all adverse parties as required by Ind.Code § 36–7–4–1005(a) which provides in pertinent part:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the case in the office of the board of zoning appeals.... No other summons or notice is necessary when filing a petition.

*Id.;* *see also Enright v. Board of Zoning Appeals of Monroe County,* 661 N.E.2d 886, 888 (Ind.Ct.App.1996). The Code defines an adverse party as "any property owner whose interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record." Ind.Code § 36–7–4–1005(b).

 We read the language of statutes pursuant to the codified rules of statutory construction, which provide that "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." Ind.Code § 1–1–4–1(1) (1998). As the trial court noted, "[t]he plain and ordinary meaning of the word 'on' in the statute's phrase 'on filing the petition' is taken to mean 'at the time of' filing the petition." (R. at 173, quoting Webster's New Twentieth Century Dictionary 1249 (2d ed.1979) (definition no. 7 of "on")). To comply with the statute, a petitioner must file, with the clerk, notices to adverse parties contemporaneously to the filing of the writ petition. Because "strict compliance with the requirements of the statute governing appeals from decisions of boards of zoning appeals is necessary for the trial court to obtain jurisdiction over such cases," and because Oberle, Beglin, and Kollada are adverse parties in this proceeding who were not served notice on the filing of the petition on June 3, 1996, the Bagnalls did not secure jurisdiction for their respective variance number one and variance number three claims. *Shipshewana Convenience Corp. v. Board of Zoning Appeals of LaGrange County,* 656 N.E.2d 812, 812 (Ind.1995).

II

The Bagnalls next claim that the trial court erred in dismissing their variance number two petition and awarding attorneys' fees to the Town of Beverly Shores. The trial court concluded that the Bagnalls were not aggrieved parties and therefore did not have standing to file the variance number two writ petition. The trial court also concluded that the Bagnalls did not properly designate the Pavels as party defendants to their variance number two petition and therefore the trial court was without jurisdiction over the complaint.[7] And, the trial court assessed attorneys' fees against the Bagnalls, finding that the variance number two petition was frivolous and groundless.

7. *See* footnote 2 *supra.*

A person must be "aggrieved" by a board of zoning appeals's decision in order to have standing to seek judicial review of that decision. Ind.Code § 36–7–4–1003(a); *see also Union Township Residents Ass'n v. Whitley County Redevelopment Comm'n*, 536 N.E.2d 1044 (Ind.Ct. App.1989). To be aggrieved, the petitioner must experience a "substantial grievance, a denial of some personal or property right or the imposition ... of a burden or obligation." *Id.* at 1045. The board of zoning appeals's decision must infringe upon a legal right of the petitioner that will be "enlarged or diminished by the result of the appeal" and the petitioner's resulting injury must be pecuniary in nature. *Id.* "[A] party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole." *Robertson v. Board of Zoning Appeals, Town of Chesterton*, 699 N.E.2d 310, 315 (Ind.Ct.App.1998).

The Board concedes that a sufficient legal interest is present in zoning cases if the petitioner owns property that is "adjacent" to or "surrounding" the subject property but contends that both terms require that the properties touch or adjoin each other. Appellee's Br. to the Court of Appeals at 12 (quoting *Williams–Woodland Park Neighborhood Ass'n v. Board of Zoning Appeals*, 638 N.E.2d 1295, 1298 (Ind.Ct.App.1994)). However, nothing in *Williams–Woodland Park* suggests that the petitioners who were adjudged to be "aggrieved" parties with standing owned property adjacent to the property involved in the appeal. *See id.* at 1299. The Bagnalls contend that their lot is in the "immediate vicinity" of Lot 11 and therefore "surrounds" it. Essentially, the Board argues that "surrounding" is superfluous language and adds nothing to the requirement that the petitioner's property be "adjacent to," touch, or adjoin the property involved in the appeal.

We are not inclined to give the term "surrounding" so restrictive a reading. Where possible, we interpret a statute such that every word receives effect and meaning and no part is rendered "meaningless if it can be reconciled with the rest of the statute." *Spaulding v. International Bakers Servs., Inc.*, 550 N.E.2d 307, 309 (Ind.1990). "Surrounding" is not a superfluous word and as such encompasses petitioners who own property that is not adjacent to, but is in the vicinity of, the property involved in variance requests. At the same time, the term is not precise, leaving to judicial determination whether a petitioner's property is sufficiently close to the variance property that its owner is "aggrieved" under the statute.

Here the trial court found that the Bagnalls' lot was not adjacent to or surrounding the Pavel lot in that "there [were] three (3) lots of 50 feet each between Lot 7 and Lot 11 for a total separation of 150 feet" and that the Bagnalls "[did] not have a substantial grievance, a legal right, legal interest or pecuniary injury." (R. at 301.) As such, the trial court found that the Bagnalls did not show that they were aggrieved within the meaning of Ind.Code § 36–7–4–1003. We will not set aside a trial court's findings unless they are clearly erroneous. Ind. Trial Rule 52(A); *see also Indiana State Highway Comm'n v. Curtis*, 704 N.E.2d 1015, 1017 (Ind.1998). The Bagnalls have not demonstrated that the trail court's findings were clearly erroneous. They presented nothing in their petition nor did they enter any evidence in the record to suggest that the Lot 11 zoning variance would result in infringement of a legal right resulting in pecuniary injury as required by *Williams–Woodland*, 638 N.E.2d at 1299, or a special injury beyond that sustained by the entire community as required by *Robertson*, 699 N.E.2d at 315. Therefore, we affirm the trial court's findings that the Bagnalls lack standing to petition for judicial review and are not aggrieved parties within the meaning of the statute.

On the other hand, in light of the proximity of the Bagnall property to Lot 11, the concerns expressed in the Bagnalls' writ petition, and the fact that Michael Pavel was a member of the Board, we cannot go so far as to conclude that the Bagnalls' petition was frivolous, unreasonable, or groundless or litigated in bad faith. Ind.Code § 34–1–32–1(b) (1993).[8] Therefore, we reverse the trial court's imposition of attorneys' fees and hold that the Board is not entitled to compensation for their legal expenses.

### Conclusion

Having previously granted transfer, thereby vacating the Court of Appeals's opinion, we affirm the judgment of the trial court and grant the Board's motion for summary judgment with respect to the variance numbers one and three writ petitions. We also affirm the trial court's dismissal of the variance number two writ petition, but reverse the assessment of attorneys' fees against the Bagnalls.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

RUCKER, J., not participating.

---

**8.** Ind.Code § 34–1–32–1(b) (1993) was repealed in 1998 by P.L. 1–1998, § 221 and recodified without substantive change at Ind. Code § 34–52–1–1 (1998).