Kenneth D. REED and Shirley A.
Reed, Appellants–Petitioners,

v.

PLAN COMMISSION and Town Council OF the TOWN OF MUNSTER,
Indiana, ATG Development Company,
LLC, Vladimir Gastevich, Eric Gastevich, and Lake Business Center, LLC,
Appellees–Respondents.

No. 45A03–0401–CV–7.

Court of Appeals of Indiana.

June 29, 2004.

Rehearing Denied Aug. 19, 2004.

Kenneth D. Reed, Abrahamson & Reed,
Hammond, IN, Attorney for Appellants.

Frank J. Deveau, Geoffrey Slaughter,
Scott R. Alexander, Michael D. Chambers,
Sommer Barnard Ackerson, PC, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellants-petitioners Kenneth D. Reed
and Shirley A. Reed (collectively, the
Reeds) appeal the trial court's order dismissing the Reeds' claims against appellees-respondents ATG Development Company, Vladimir Gastevich, Eric Gastevich,
and Lake Business Center (collectively,
ATG) for lack of standing with regards to
a zoning challenge. Specifically, the
Reeds assert that they have standing because the zoning ordinance and the amendatory ordinance rezoning the subject
property are town-wide in their application. Finding that the trial court correctly
held that a one-half mile distance from the
Reeds' home to the disputed property was
too far to confer standing,[1] we affirm.

### FACTS

On August 27, 2002, ATG petitioned the
Munster Plan Commission (Plan Commission) to rezone the subject property that is
located in Lake County. The parcel had
originally been zoned for manufacturing.
ATG petitioned the Plan Commission to
rezone the land to a commercial and multifamily residential classification. The Plan

---

1. On June 7, 2004, ATG filed an "Appellees'
Motion for Leave to File Three–Page Sur–
Reply Brief to Set Record Straight." Since
we dispose of this appeal by finding that the
Reeds lack standing, we find that any further

briefing by ATG would be moot and deny the
motion. Likewise, "Appellant's Conditonal
Consent to Appellees' Motion for Leave to File
Three Page Sur–Reply Brief," filed June 15,
2004, is unnecessary.

Commission made a favorable recommendation for the proposed rezoning on November 12, 2002.

On November 25, 2002, the Gastevichs, who are the principal owners of ATG, made a proposal for the rezoning of the subject property to the Munster Town Council. The Town Council approved the rezoning on December 23, 2002, and the disputed property was reclassified from "manufacturing" to "commercial and multifamily residential." Appellant's App. p. 12.

The Reeds are residents of the Town of Munster, Indiana, where they have lived in a single-family residence since April 1967. They own residential real estate located approximately one-half mile from the disputed property. The Reeds remonstrated in writing to the Plan Commission on September 24, 2002, and in-person at a Town Council meeting on November 25, 2002, arguing that the rezoning in question would negatively impact traffic, demographics, and environmental matters in the surrounding area. The Reeds were unsuccessful in their challenges to the rezoning effort and, therefore, brought a "Verified Petition for Writ of Certiorari, Declaratory Judgment and Injunction." Appellants's App. p. 17. The trial court found that the Reeds lacked standing to maintain the action because of the distance of their property from the rezoned property and the failure to establish any type of unique "personal" injury, and granted a motion to dismiss filed by ATG. The Reeds now appeal.

## DISCUSSION AND DECISION

The Reeds argue that the trial court erred in determining that they did not have standing because (1) the nature of a rezoning being within the jurisdiction of the town council makes the rezoning townwide and therefore they have standing as residents of the town, and (2) the notice of the proposed rezoning was insufficient and inadequate and, therefore, more people should have standing to challenge the rezoning than that which was determined by the trial court.

■ In addressing the Reeds' contentions, we first note that the standard of review of the trial court's dismissal for lack of standing is de novo. *Alexander v. PSB Lending Corp.*, 800 N.E.2d 984, 988 (Ind. Ct.App.2003). The applicable statute for determining who is able to petition for a writ of certiorari for the review of local zoning decisions is Indiana Code section 36–7–4–1003(a), which states in pertinent part, "[E]ach person *aggrieved* by a decision of the board of zoning appeals or the *legislative body* may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality." (Emphasis added). In zoning cases, this court has held that the terms "aggrieved" and "affected" are synonymous in assessing a party's standing to assert these claims. Specifically, we observed in *Lake County Plan Comm'n v. County Council of Lake County*, that:

> [T]he interpretation of the writ of certiorari statute as it applies to standing to appeal a zoning decision is analogous to the interpretation of the declaratory judgment statute as it applies to standing to appeal a zoning decision by a declaratory judgment action. Stated differently, we find that the terms "aggrieved," as used in the writ of certiorari statute (Ind.Code § 36–7–4–1003), and "affected," as used in the declaratory judgment statute, are synonymous.

706 N.E.2d 601, 602 (Ind.Ct.App.1999). With respect to the declaratory judgment statute mentioned in the case above, our legislature has determined that "[A]ny person ... whose rights, status, or other legal relations are *affected* by a statute,

[or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute, [or] ordinance...." Ind.Code § 34–14–1–2 (emphasis added).

■ In light of the above, our inquiry here begins with a determination of whether the Reeds were aggrieved or affected by rezoning of the subject property from "manufacturing" to "commercial and multifamily residential" within the meaning of the relevant statutes. We note that our supreme court addressed this issue in *Bagnall v. Town of Beverly Shores,* where the Bagnalls opposed a variance that was granted for Pavel to construct an addition onto his home. 726 N.E.2d 782, 784 (Ind. 2000). The Bagnalls had filed a petition for writ of certiorari with the trial court seeking to review the grant of the variance. *Id.* The Board, named as a defendant that had granted the variance, filed a motion to dismiss, alleging in part that the Bagnalls did not have standing because they were not aggrieved by the variance. *Id.* The trial court granted the motion to dismiss on all grounds and found that the Bagnalls' lot was not adjacent to or surrounding the Pavel lot and that the Bagnalls did not have a "substantial grievance, legal right, legal interest or pecuniary injury." *Id.* at 786. In granting the motion to dismiss, the trial court based its determination upon the finding that the lots were separated by three lots of 50 feet each for a total separation of 150 feet. *Id.*

On appeal, this court reversed and remanded on the issue of standing. *Bagnall,* 705 N.E.2d 213 (Ind.App.Ct.1999). It was found that "[T]he use to which the Pavels' lot is put may well have a direct effect upon the value of the Bagnalls' property in the immediate vicinity even if the Pavels' lot is not enclosed or encircled by the Bagnall property. As a result the Bagnalls had standing to pursue their claims." *Id.* at 218.

However, following a grant of transfer, our supreme court held that "[t]o be aggrieved, the petitioner must experience a 'substantial grievance, a denial of some personal or property right or the imposition ... of a burden or obligation.'" *Bagnall,* 726 N.E.2d 782, 784 (Ind.2000), (quoting *Union Township Residents Ass'n v. Whitley County Redevelopment Comm'n,* 536 N.E.2d 1044, 1045 (Ind.Ct.App.1989)). "The board of zoning appeal's decision must infringe upon a legal right of the petitioner that will be 'enlarged or diminished by the result of the appeal' and the petitioner's resulting injury must be pecuniary in nature." *Id.* The *Bagnall* court went on to observe that "a party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole." *Id.* (quoting *Robertson v. Bd. of Zoning Appeals, Town of Chesterton,* 699 N.E.2d 310, 315 (Ind.Ct.App. 1998)). In the end, our supreme court affirmed the trial court's findings that the Bagnalls lacked standing to petition for judicial review. *Id.*

In the case before us today, the trial court found that the Reeds' home is approximately one-half mile away from the rezoned property, which is a greater distance of separation than that found in *Bagnall;* therefore, the record supports trial court's determination that the Reeds failed to show that they were aggrieved by the rezoning due to their proximity. We also agree with the trial court's determination that the Reeds failed to allege injuries that "are somehow unique to them as a result of the rezoning." Appellant's App. p. 15. In essence, the Reeds allege increased traffic and various environmental concerns but no special injury other than that which would be sustained by the community as a whole.

That said, the distinction that the Reeds make that the *Bagnall* court reviewed a

variance—which is local in nature—and the action that they today petition the court to review is a rezoning—which is town-wide—is not persuasive. Indiana Code Section 36–7–4–1003(a) cited above, which provides that persons aggrieved have standing to petition for a writ of certiorari, applies to decisions of the *legislative body* as well as the board of zoning appeals. Similarly, the declaratory judgment statute, Indiana Code Section 34–14–1–2, that requires a person to be affected, applies to statutes or municipal ordinances, which displays our legislature's intent that it apply to decisions that are town-wide.

Finally, the Reeds cite to *Borsuk and Lake County Trust Company v. Town of St. John* in an attempt to solidify their argument that a rezoning dispute can be challenged by a petition for writ of certiorari. 800 N.E.2d 217 (Ind.Ct.App.2003). However, *Borsuk* involved a landowner challenging a zoning decision affecting his own property, and it is therefore not persuasive in determining whether the Reeds have standing in this case. *Id.* Moreover, we note that our supreme court has granted transfer on *Borsuk,* and therefore it lacks precedential value.

Finally, because we hold that the Reeds lack standing to bring judicial review, we need not address whether notice was sufficiently provided for those who do have standing to request a judicial review of the rezoning. As a result, we conclude that the trial court's dismissal of the Reeds' action was proper.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.