**TOWN OF CEDAR LAKE BOARD OF ZONING APPEALS, Appellant–Respondent,**

v.

**Nick VELLEGAS, Appellee–Petitioner.**

No. 45A05–0507–CV–416.

Court of Appeals of Indiana.

June 23, 2006.

Publication Ordered July 13, 2006.

David M. Austgen, Timothy R. Kuiper, Joseph C. Svetanoff, Austgen, Decker & Phillips, P.C., Crown Point, for Appellant.

Timothy F. Kelly, Michael P. Massucci, Timothy F. Kelly & Associates, Dyer, for Appellee.

**OPINION**

MATHIAS, Judge.

Nick Vellegas's ("Vellegas") request for certain variances was denied by the Board of Zoning Appeals for the Town of Cedar Lake ("the BZA"). Vellegas appealed the denial of his variance request in the Superior Court of Lake County. The trial court reversed the BZA ordering it to grant Vellegas's variance requests. The BZA appeals and we find the following issue to be dispositive: whether the trial court lacked jurisdiction to consider Velle-

gas's petition for writ of certiorari. Concluding that Vellegas failed to serve notice on an adverse party, and therefore, that the trial court lacked jurisdiction in this matter, we reverse.

### Facts and Procedural History

Vellegas owns a home on a lake in the Town of Cedar Lake, Indiana. In 2002, Vellegas built a deck and fence on his property. The deck is approximately 3000 square feet and covers the entire back yard of the property. Before building the deck, Vellegas failed to obtain the proper permits or seek variances of the local zoning ordinance.

Vellegas's deck was built in violation of the following provisions of the local zoning ordinance: 1) an eight foot side yard setback, 2) a thirty-two foot rear yard setback, and 3) maximum lot coverage of 3625 square feet. On August 27, 2002, after completing the deck, Vellegas filed a written application to request three developmental variances of his property as follows: 1) a side yard setback variance to permit a zero foot side yard, 2) a rear yard setback variance to permit a zero foot rear yard, and 3) a variance to allow lot coverage of 6667 square feet.

On October 17, 2002, Vellegas appeared at the BZA public hearing to address his variance request. Vellegas's neighbor, Adam Rybicki also appeared and opposed the variance request. Appellant's App. p. 13. Because one of the BZA members was not present at the hearing, Vellegas decided to defer his variance requests until the November hearing. *Id.*

At the November hearing, the BZA read into the record a letter received from Adam and Linda Rybicki ("the Rybickis"). In the letter, the Rybickis stated that they were "remonstrating against the granting of the variance" because 1) there has been an increase of small creatures living under the deck, 2) the "variance would severely change the natural appearance of the lake's shoreline," and 3) "the adherence to the existing ordinances does not in any way impact the use of the property." Appellant's App. p. 23. After discussion of the Rybickis' letter and whether Vellegas could reduce the size of the deck to comply with the setback requirements, the BZA granted Vellegas's request for another deferral to "allow time to review this matter further." Appellant's App. p. 20. Due to illness and scheduling conflicts, Vellegas's variance requests were again deferred until the February hearing.

At the February 20, 2003 hearing, the Rybickis did not appear. In addressing the BZA, Vellegas's attorney stated, "[i]t is the belief of the petitioner that the neighboring remonstration against this petition is due to a fence that was installed that may inhibit the lake view for his neighbor." Appellant's App. p. 35. After significant discussion concerning the size of the deck, the BZA granted Vellegas's request for a side yard setback variance, but denied his requests for a rear yard setback variance and a variance to allow for more lot coverage.

Vellegas filed a petition for writ of certiorari seeking review of the BZA's decision in the Superior Court of Lake County. The BZA moved to dismiss Vellegas's petition arguing, in part, that Vellegas failed to serve notice of the proceedings on the Rybickis. The trial court denied the BZA's motion, but ordered Vellegas to provide notice of the proceedings to the Rybickis. Appellant's App. p. 77. After receiving notice, the Rybickis filed a motion to intervene, which the trial court granted. On April 5, 2004, the writ of certiorari was granted and a hearing was

held on June 8, 2004.[1] On June 22, 2005, the trial court issued a judgment in favor of Vellegas and ordered the remaining variance requests granted. The BZA now appeals.

### Discussion and Decision

The BZA contends that the trial court lacked jurisdiction to proceed in this matter because Vellegas failed to serve notice of the proceedings on the Rybickis. Vellegas asserts that he was not required to service notice on the Rybickis because they were not present at the February 20, 2003 hearing and they do not qualify as adverse parties under Indiana Code section 36–7–4–1005.

Decisions of the BZA are subject to court review by certiorari. Ind.Code § 36–7–4–1003 (1997). "A person aggrieved by a decision of a board of zoning appeals may present to the circuit or superior court in the county in which the premises are located a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of illegality." *Bagnall v. Town of Beverly Shores,* 726 N.E.2d 782, 785 (Ind.2000) (citing Ind.Code § 36–7–4–1003(b)). The petition must be presented to the court within thirty days of the BZA's decision. *Id.*

The court does not gain jurisdiction over the petition until the petitioner serves notice upon all adverse parties as required by Indiana Code section 36–7–4–1005, which provides in pertinent part:

(a) On filing a petition for a writ of certiorari with the clerk of the court, the petitioner for the writ of certiorari shall give notice of the petition as follows:

(1) If the petitioner is the applicant or petitioner for the use, special exception, or variance, the petitioner shall have a notice served by the sheriff of the county on each adverse party as shown by the record of the case in the office of the board of zoning appeals.

* * *

(b) An adverse party under this section is any property owner whose interests are opposed to the petitioner for the writ of certiorari and who appeared at the hearing before the board of zoning appeals either in person or by a written remonstrance or other document that is part of the hearing record.

Ind.Code § 36–7–4–1005 (1997).

In *Bagnall,* the Board of Zoning Appeals for the Town of Beverly Shores ("the Board") granted three variance requests to Michael Pavel. *Id.* at 784. The Bagnalls appealed the Board's decision by filing a petition for writ of certiorari in the Porter Superior Court. *Id.* The Bagnalls initially failed to serve notice on Thomas Oberle, Arlene Beglin, and William Kollada, the individuals who supported Pavel's variance requests at the public hearings. *Id.* "In an apparent response to the Board's statutory notice assertions in its motions to dismiss," the Bagnalls later served notice on those individuals. *Id.*

The trial court granted the Board's motion to dismiss due to lack of notice. On appeal, our court reversed, stating:

[P]roper notices were served on the adverse parties prior to any hearing on the writs of certiorari. Indiana Code Section 36–7–4–1005(a) does not plainly require that notices must be served within any particular time frame, and we will not hold the Bagnalls to a standard which does not exist.

*Bagnall v. Town of Beverly Shores,* 705 N.E.2d 213, 216 (Ind.Ct.App.1999). More-

---

1. At the hearing, the Rybickis' counsel stated that the Rybickis resolved their conflict with Vellegas. Therefore, the Rybickis did not to participate in the hearing. Tr. p. 4.

over, we held, "[i]f the proper notices are actually served on the adverse parties in a timely enough manner so that no prejudice results, the language of the statute is satisfied." *Id.*

On transfer, our supreme court affirmed the trial court's dismissal of the Bagnalls' petition for writ of certiorari. First, the court held that to comply with Indiana Code section 36–7–4–1005, a petitioner must file with the clerk notices to adverse parties contemporaneously with the filing of the petition for writ of certiorari. *Bagnall*, 726 N.E.2d at 785. Therefore, the court concluded,

> Because "strict compliance with the requirements of the statute governing appeals from decisions of boards of zoning appeals is necessary for the trial court to obtain jurisdiction over such cases," and because Oberle, Beglin, and Kollada are adverse parties in this proceeding who were not served notice on the filing of the petition on June 3, 1996, the Bagnalls did not secure jurisdiction for their respective variance number one and variance number three claims.

*Id.* (quoting *Shipshewana Convenience Corp. v. Board of Zoning Appeals of La-Grange County*, 656 N.E.2d 812, 812 (Ind. 1995)). *See also Enright v. Board of Zoning Appeals of Monroe County*, 661 N.E.2d 886, 889 (Ind.Ct.App.1996), *trans. denied.*

■ In this case, Vellegas argues that he was not required to serve notice on the Rybickis because they were not present at the February 20, 2003 hearing. Specifically, he asserts,

> [f]urthermore, at the February 20, 2003 hearing, the moderator asked if any remonstrators were present, and none came forward. No one advised Mr. Vellegas or his counsel that anyone had objected previously and no mention was made of any letters or written docu-

ments expressing objections to the variance requests. The hearing at which arguments were heard, and the denial was made, contains no mention of any remonstrators.

Br. of Appellee at 20 (record citations omitted).

Vellegas's claim that he had no knowledge of the Rybickis' objection to his variance requests is disingenuous at best. Vellegas was present at the October 17, 2002 hearing at which Adam Rybicki appeared and objected to the variance requests. Appellant's App. p. 13. Vellegas's variance requests were discussed at the hearing but his requests were deferred due to the absence of a BZA member. Vellegas was also present at the November 21, 2002 hearing at which the Rybickis' letter opposing the variance request was read into the record. After the letter was read, Vellegas stated that he "wanted to respond to the letter from [the Rybickis]" because he believed the Rybickis were upset over a fence he had installed. Vellegas expressed his opinion that the "remonstration against his petition has been caused by the unwanted fence." Appellant's App. p. 19. Finally, while the Rybickis did not appear at the February 20, 2003 hearing, Vellegas's counsel mentioned "the neighboring remonstration against this petition[.]" Appellant's App. p. 35.

Under these facts and circumstances, we are unpersuaded by Vellegas's claim that at the time he filed his petition for writ of certiorari, "he was unaware of any potential remonstrator or letter[.]" *See* Br. of Appellee at 20. Clearly, the Rybickis qualify as adverse parties because they are neighboring property owners who appeared at the hearing before the BZA both in person and by written remonstrance and their interests are opposed to Vellegas's interests. *See* Ind.Code § 36–7–4–1005. Accordingly, we conclude that al-

though the Rybickis were eventually provided with notice and later appeared in the proceedings before the trial court, because the Rybickis were not served with notice upon the filing of Vellegas's petition for writ of certiorari as required by Indiana Code section 36–7–4–1005, the trial court lacked jurisdiction in this matter. *See Bagnall,* 726 N.E.2d at 785.

Reversed.

ROBB, J., and VAIDIK, J., concur.

### *ORDER*

On June 23, 2006 this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion For Publication of Opinion. The Appellant states that this decision resolves a legal issue of unique interest and that its publication will likely serve the interest of judicial economy by serving as precedent.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion for Publication of Opinion is GRANTED and this Court's opinion heretofore handed down in this cause on June 23, 2006 marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges concur.