**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BOYD A. TOLER**
Toler Law Office
Petersburg, Indiana

ATTORNEYS FOR APPELLEE:

**DOUGLAS A. HOFFMAN**
**JEREMY M. DILTS**
Carson Boxberger LLP
Bloomington, Indiana



FILED

Aug 20 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES JOHNS,  )
)
    Appellant-Petitioner,  )
)
        vs.  )    No. 63A01-1112-MI-607
)
PIKE COUNTY COMMISSIONERS,  )
)
    Appellee-Respondent.  )

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable W. Timothy Crowley, Special Judge
Cause No. 63C01-1105-MI-141

**August 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

James Johns brought this appeal to challenge a grant of judgment on the pleadings to the Pike County Commissioners. He sought judicial review of the Commissioners' action extending a road closure agreement. He claimed an interest in a church camp accessed by the road and in the road itself.

During the pendency of this appeal the church camp was sold to a third party and the Commissioners have moved to dismiss the appeal as moot.

Johns asserted no interest in the road itself that is distinguishable from that of the public in general. As such, he fails to meet the definition of an aggrieved person, and that is necessary to have standing to challenge the Commissioners' action. *See* Ind. Code § 8-20-1-72 (1988). To be aggrieved a person must have suffered, or be likely to suffer, harm to a legal interest other than that which would be sustained by the public as a whole. *Reed v. Plan Comm'n of Munster,* 810 N.E.2d 1126, 1128 (Ind. Ct. App. 2004), *trans. denied.* We therefore affirm the judgment on the pleadings as to Johns' claim concerning the road.

The balance of the appeal we dismiss as moot because the camp in question has been sold to Solar Sources, successor to the mining company that originally secured the closure.

Affirmed in part, dismissed as moot in part.

BAKER, J., and KIRSCH, J., concur.