**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 30 2013, 5:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
MARION COUNTY BOARD OF
ZONING APPEALS, DIVISION 1:

**SAMANTHA E. DEWESTER**
City Prosecutor
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLANT
MARCUS A. JOHNSON REVOCABLE TRUST:

**DAVID E. DEARING**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JEFFREY M. BELLAMY**
**STEPHEN R. DONHAM**
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCUS ANTHONY JOHNSON | ) | |
| REVOCABLE TRUST and THE MARION | ) | |
| COUNTY BOARD OF ZONING APPEALS | ) | |
| DIVISION NO. 1, | ) | |
|     Appellants-Respondents, | ) | |
| | ) | |
|         vs. | ) | No.  49A04-1302-PL-59 |
| | ) | |
| WESTCHESTER ESTATES HOMEOWNERS | ) | |
| ASSOCIATION, INC., ROGER W. VANDREY, | ) | |
| SHELLY ANNE POLZIN, and ROBERT K. | ) | |
| KLEIN, | ) | |
|     Appellees-Petitioners. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1204-PL-13826

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

The Marcus Anthony Johnson Revocable Trust ("the Trust") and the Marion County Board of Zoning Appeals Division 1 ("the Board") (collectively, "Appellants") appeal the trial court's order granting summary judgment in favor of Westchester Estates Homeowners Association, Inc. ("Westchester Estates"), Roger W. Vandrey ("Vandrey"), Shelly Anne Polzin ("Polzin"), and Robert W. Klein ("Klein") (collectively, "Appellees"), and denying summary judgment in favor of Appellants.

We affirm.

## Issues

The parties present several issues for our review, which we revise and restate as:

I.     Whether, as a threshold matter, Appellants waived their challenge to Appellees' standing to petition for judicial review; and

II.    Whether the trial court erred when it denied Appellants' motion for summary judgment as to the issue of Appellees' standing to challenge the decision of the Board to grant a zoning variance in favor of the Trust.[1]

## Facts and Procedural History

The Trust sought a zoning variance to operate an adult foster care home at a building

---

[1] On appeal, Appellants do not challenge the merits of the trial court's reversal of the Board's decision to grant a zoning variance to the Trust. And while Appellants assert that the trial court improvidently granted summary judgment in favor of Appellees, Appellants fail to develop their argument. Therefore, Appellants have waived appellate review of these issues. Ind. Appellate Rule 46(A)(8)(a) (appellants must set forth their contentions supported by cogent reasoning and citation to authority).

in Marion County, zoned as D-3 for a single-family dwelling. Vandrey and Polzin, each an owner of property within Westchester Estates, and Westchester Estates, represented by Vandrey as president and Polzin as treasurer, appeared as remonstrators at a hearing before the Board. Vandrey testified that Westchester Estates "cannot support this adult foster care facility because it is really a business in a D-3 residential area, and . . . [w]e believe a business in that location would set an unacceptable precedent." (Appellants' App. at 218.) He further testified that "we just don't want this type of facility to [be] operated in our neighborhood." (Appellants' App. at 220.) Polzin then testified that "[w]e do not allow this by covenant in our subdivision[,] . . . [a]nd there are a number of us that don't want to set a precedent in our neighborhood by allowing this type of facility[.]" (Appellants' App. at 221.) Further, Susan Blair ("Blair"), president of the Pike Township Residents Association testified that the use and value of the area adjacent to the property will be affected in a substantially adverse manner, "because this is a commercial use in a residential subdivision." (Appellants' App. at 161.) At the end of the hearing, the Board granted the zoning variance.

Appellees filed a verified petition for judicial review of the Board's decision. Thereafter, Appellees filed a motion for summary judgment, to which Appellants filed their response and cross-motion for summary judgment. In their cross-motion, Appellants challenged Appellees' standing to petition for judicial review.

The trial court heard oral argument on the parties' motions for summary judgment. The trial court subsequently denied Appellants' motion for summary judgment, granted summary judgment in favor of Appellees, and ordered the Board to adopt new findings of

fact denying the variance request. This appeal ensued.[2]

## Discussion and Decision

### Waiver

As a threshold matter, Appellees assert that Appellants waived their challenge to Appellees' standing to petition for judicial review because, inter alia, the Trust failed to participate at the trial court level, the Board filed its appellate appearance too late, and Appellants' challenge to Appellees' standing was untimely. However, a party of record in the trial court shall be a party on appeal. App. R. 17(A); Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc., 844 N.E.2d 157, 162 (Ind. Ct. App. 2006) (this rule operates of its own force to make all parties in the trial court parties on appeal), trans. denied. Further, a party may file a cross-motion for summary judgment at any time. Ind. Trial Rule 56(B). Therefore, we conclude that Appellants did not waive their challenge to Appellees' standing.

### Summary Judgment

Appellants contend that the trial court erred when it denied their motion for summary judgment as to the issue of Appellees' standing. Our standard of review for appeals from summary judgment is well established:

---

[2] Appellees have filed a motion requesting that we strike the portion of Appellants' Reply Brief arguing that Klein's standing argument is frivolous because Appellants' argument is a new assertion improperly raised in a reply brief. Under Indiana Appellate Rule 42, we "may order stricken from any document any redundant, immaterial, impertinent, scandalous or other inappropriate matter." And attorney's fees may be awarded to the prevailing party if the court makes certain findings. Ind. Code § 34-52-1-1. Therefore, an argument that a claim is frivolous is a distinct issue that should be raised in an appellant's brief, and is not appropriately raised for the first time in a reply brief. See Ind. Appellate Rule 46(C) ("[n]o new issues shall be raised in the reply brief"). Therefore, in a separate order issued contemporaneously with this opinion, we grant Appellees' motion to strike section II.C.1 of Appellants' Reply Brief.

4

When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (internal citations omitted).

On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity. Miller v. Yedlowski, 916 N.E.2d 246, 249 (Ind. Ct. App. 2009), trans. denied. The party appealing from a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark Cnty. Super. Ct. No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).

Appellants focus their argument on Appellees' alleged failure to aver in their verified petition facts establishing standing, or to produce sufficient evidence to establish standing. However, when reviewing summary judgment, "[w]e must consider the pleadings and evidence sanctioned by Ind. Trial Rule 56(C) without deciding its weight or credibility." Malachowski v. Bank One, Indianapolis, 590 N.E.2d 559, 562 (Ind. 1992) (citing Webb v. Jarvis, 575 N.E.2d 992, 994 (Ind. 1991)). A party moving for summary judgment must meet his or her burden by relying on specifically designated evidence. T.R. 56(C). "'Merely

5

alleging that the plaintiff has failed to produce evidence on each element . . . is insufficient to entitle the defendant to summary judgment.'" Dennis v. Greyhound Lines, Inc., 831 N.E.2d 171, 173 (Ind. Ct. App. 2005) (quoting Jarboe v. Landmark Cmty. Newspapers, 644 N.E.2d 118, 123 (Ind. 1994)), trans. denied. Therefore, we reframe Appellants' argument as challenging Appellees' standing, rather than Appellees' proof of standing.

Standing is a restraint on a court's exercise of its jurisdiction.[3] Pence v. State, 652 N.E.2d 486, 488 (Ind. 1995) (citing City of Indianapolis v. Ind. State Bd. of Tax Comm'rs, 308 N.E.2d 868, 870 (Ind. 1974)). The standing requirement serves as an important check on the exercise of judicial power by Indiana courts. Id. The point of the standing requirement is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. Id. at 487.

Effective July 1, 2011, Indiana Code sections 36-7-4-1600 through 1616 are the exclusive means for seeking judicial review of zoning decisions made by boards of zoning appeals. Ind. Code §§ 36-7-4-1601. Section 36-7-4-1603 sets forth who has standing to obtain judicial review of a zoning decision:

(a) The following have standing to obtain judicial review of a zoning decision:

(1) A person to whom the zoning decision is specifically directed.

(2) A person aggrieved by the zoning decision who participated in the board hearing that led to the decision, either:

(A) by appearing at the hearing in person, by agent, or by attorney and presenting relevant evidence; or

---

[3] There are only two types of jurisdiction in Indiana: subject matter jurisdiction, and personal jurisdiction. K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006) (disapproving of the phrase "jurisdiction over the particular case").

(B) by filing with the board a written statement setting forth any facts or opinions relating to the decision.

(3) A person otherwise aggrieved or adversely affected by the zoning decision.

(b) A person has standing under subsection (a)(3) only if:

(1) the zoning decision has prejudiced or is likely to prejudice the interests of the person;

(2) the person was eligible for an initial notice of a hearing under this chapter, was not notified of the hearing in substantial compliance with this chapter, and did not have actual notice of the hearing before the last date in the hearing that the person could object or otherwise intervene to contest the zoning decision;

(3) the person's asserted interests are among those that the board was required to consider when it made the challenged zoning decision; and

(4) a judgment in favor of the person would substantially eliminate or redress the prejudice to the person caused or likely to be caused by the zoning decision.

I.C. § 36-7-4-1603.

In interpreting Indiana Code section 36-7-4-1003(a) (1995), the predecessor to Section 36-7-4-1603, the Indiana Supreme Court held that "[a] person must be 'aggrieved' by a board of zoning appeals's decision in order to have standing to seek judicial review of that decision." Bagnall v. Town of Beverly Shores, 726 N.E.2d 782, 786 (Ind. 2000). The Supreme Court explained:

To be aggrieved, the petitioner must experience a substantial grievance, a denial of some personal or property right or the imposition of a burden or obligation. The board of zoning appeals's decision must infringe upon a legal right of the petitioner that will be enlarged or diminished by the result of the appeal and the petitioner's resulting injury must be pecuniary in nature. A party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole.

Id. (internal citations and quotation marks omitted). The board of zoning appeals in Bagnall "concede[d] that a sufficient legal interest is present in zoning cases if the petitioner owns property that is 'adjacent' to or 'surrounding' the subject property[.]" Id. (citations omitted). And our Supreme Court clarified:

> "Surrounding" . . . encompasses petitioners who own property that is not adjacent to, but is in the vicinity of, the property involved in variance requests. At the same time, the term is not precise, leaving to judicial determination whether a petitioner's property is sufficiently close to the variance property that its owner is "aggrieved" under the statute.

Id. However, the proximity of the petitioners' properties to the alleged harm is not the only criterion in determining whether they have standing; rather, we also look to the evidence presented to determine if the petitioners have shown that they will suffer a pecuniary loss by the granting of the variance. Bellows v. Bd. of Comm'rs of Cnty. of Elkhart, 926 N.E.2d 96, 114 (Ind. Ct. App. 2010).

Appellees argue, and the trial court concluded, that under the old statutory scheme discussed in Bagnall, courts exercised significant discretion in interpreting and applying the undefined term of "aggrieved" to determine whether a party had standing, but that the new statutory scheme sets objective standing criteria limiting a court's discretion and removing the "actual injury" requirement. We disagree.

> The first step in interpreting a statute is to determine whether the Legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutes leave no room for judicial construction. However when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. And when faced with an ambiguous statute, other well-established rules of

8

statutory construction are applicable. One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature.

City of N. Vernon v. Jennings Nw. Reg'l Utils., 829 N.E.2d 1, 4-5 (Ind. 2005) (internal citations omitted). Further:

> . . . it is well-established that a judicial interpretation of a statute, particularly by the Indiana Supreme Court, accompanied by substantial legislative inaction for a considerable time, may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation. In Durham v. U-Haul Int'l., 745 N.E.2d 755 (Ind. 2001), . . . [the Indiana Supreme Court] observed that "if a line of decisions of [the Supreme] Court has given a statute the same construction and the legislature has not sought to change the relevant parts of the legislation, the usual reasons supporting adherence to precedent are reinforced by the strong probability that the courts have correctly interpreted the will of the legislature." Id. at 759. See also Robbins v. Baxter, 799 N.E.2d 1057, 1062 (Ind. 2003) (applying legislative acquiescence where no legislative response for ten years); Halteman Swim Club v. Duguid, 757 N.E.2d 1017, 1021 (Ind. Ct. App. 2001), citing Dep['t] of Revenue v. U.S. Steel Corp., 425 N.E.2d 659, 662 (Ind. Ct. App. 1981) ("When the court interprets a statute and the legislature fails to take action to change that interpretation, the legislature is presumed to have acquiesced in the court's interpretation.").

Fraley v. Minger, 829 N.E.2d 476, 492 (Ind. 2005).

Here, the new statutory scheme explicitly defines the requirements for a party to have standing. For example, Section 36-7-4-1603(a)(2) requires that a petitioner be "aggrieved," and Section 36-7-4-1603(a)(3) requires that a petitioner be "aggrieved or adversely affected." However, the term "aggrieved" remains undefined, as it was under the old statutory scheme. Concluding that our legislature, in enacting Sections 36-7-4-1600 through 1616 more than a decade after Bagnall, has acquiesced to our Supreme Court's interpretation of "aggrieved," we apply the Bagnall Court's definition of "aggrieved" to the new statutory scheme. See id.

Essentially, Appellants contend that Appellees all lack standing under Section 36-7-4-

9

1603(a), and therefore Appellants are entitled to summary judgment. However, our review of the record designated by the parties to the trial court reveals that Polzin testified before the Board in her individual capacity as an owner of property within Westchester Estates. (Appellants' App. at 220.) Blair testified that, because this is an allegedly commercial use in a residential subdivision, the use and value of the area adjacent to the Trust's property will be affected in a substantially adverse manner. (Appellants' App. at 161.) And while the record does not disclose the precise location of Polzin's property in relation to the Trust's property, Appellees' Verified Petition for Judicial Review alleges that Polzin, as a member of Westchester Estates, has suffered or will suffer immediate and irreparable harm to her real property rights, real property values, and use and enjoyment of her home, as a result of the granting of a variance. (Appellants' App. at 225.)

To prevail on their motion for summary judgment, Appellants needed to establish, prima facie, that none of the Appellees had standing. In light of the designated materials supporting Polzin's standing, the Appellants failed to meet their burden. And having so concluded, we hold that the trial court did not err when it denied Appellants' motion for summary judgment.

## Conclusion

The trial court properly granted Appellees' motion for summary judgment and denied Appellants' motion for summary judgment.

Affirmed.

NAJAM, J., and BARNES, J., concur.